SHERBURNE SEARS, PLAINTIFF IN ERROR, *v.* JOSEPH R. EASTBURN.

The act of Congress passed in May, 1828 (4 Stat. at Large, 278), directs that the forms and modes of proceeding in the courts of the United States, in suits at common law in the States admitted into the Union since 1789, shall be the same with those of the highest court of original jurisdiction in the State.

Therefore, where the State of Alabama passed an act to abolish fictitious proceedings in ejectments, and to substitute in their place the action of trespass for the purpose of trying the title to lands and recovering their possession, the Circuit Court of the United States should have conformed, in its mode of proceeding, to the law of the State.

And the judgment of the Circuit Court, dismissing an action of trespass so brought, upon the ground that the law of the State was not in force in the Circuit Court, was erroneous.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the Southern District of Alabama.

In August, 1845, Sherburne Sears brought an action of *trespass quare clausum fregit*, in the Circuit Court of the United States for the Southern District of Alabama. The short note, expressive of the cause of action, filed at the time of issuing the writ, declared it to be " as well to try titles as to recover damages," &c., and the declaration described a particular lot in the city of Mobile, where the trespass was alleged to have been committed.

In April, 1846, the counsel for the defendant moved the court to dismiss the suit, because the statute of Alabama entitled " An Act to abolish fictitious proceedings in ejectment, and for other purposes therein mentioned," approved December 17, 1821, under which the suit was brought, did not extend to the Circuit Court; and the court, being of that opinion, dismissed the suit.

The plaintiff sued out a writ of error, and brought the case up to this court.

It was argued by *Mr. Sewall,* for the plaintiff in error.

The plaintiff contends that the action of trespass in this case was maintainable in the Circuit Court of the United States in Alabama, and was therefore improperly dismissed.

1st. By an act of Alabama, approved December 17, 1821, the action of trespass was substituted for that of ejectment (Clay's Dig., p. 320, §§ 43, 44, 45), and has ever since remained a remedy for trying the title to, and recovering possession of, lands. It was in force at the time of the passage of the act of Congress of the 19th May, 1828 (4 Stat. at Large, 278), and was therefore adopted by that act as a part of the " forms and modes of proceeding in suits" in the Circuit Court of the United States for the Southern District of Alabama. Beers *v.* Haughton, 9 Peters, 357; Strachen *v.* Clyburn, 3 McLean, 174. It is a remedy in constant use in Alabama, and has been before this court in City of Mobile *v.* Eslava, 16 Peters, 235; Same *v.* Hallett, Ibid. 261. The declaration may be in the usual form of *trespass quare clausum fregit.* Carwile *v.* House, 6 Ala. 710.

In Hagan *v.* Lucas, 10 Peters, 400, the Circuit Court of the United States at Mobile entertained a suit for the trial of the right of property under an act of Alabama of the 24th December, 1812, and its judgment was affirmed by this court.

2d. By the eleventh section of the Judiciary Act of 24th September, 1789 (1 Stat. at Large, 78), " The Circuit Courts

have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature at common law and in equity," &c. Common law in this act must be taken in contradistinction to equity; and may well embrace the action of "trespass," applied by a State statute as a remedy for trying the title to land.

3d. It is a remedy in respect to real estate, and the general rule is, that such remedies are to be pursued according to the law of the place where the estate is situated. Robinson *v.* Campbell, 3 Wheat. 212, 219.

Mr. Chief Justice TANEY delivered the opinion of the court.

The point in this case is a narrow one, and concerns only the practice in the Circuit Court of the United States for the Southern District of Alabama.

It appears that in 1821 an act was passed by the legislature of that State to abolish fictitious proceedings in ejectment; and to substitute in their place the action of trespass, for the purpose of trying the title to lands and recovering the possession.

In the case before us, an action of trespass was brought by the plaintiff in error against the defendant, for the purpose of recovering a certain parcel of land to which he claimed title. The writ was indorsed in the manner required by the statute of Alabama; and the declaration was in the usual form of an action of trespass. There does not appear to have been either plea or demurrer put in by the defendant, nor any issue of fact or law joined between the parties. But the defendant by his counsel moved the court to dismiss the suit, upon the ground that the law of the State was not in force in the Circuit Court of the United States; and the district judge then holding the Circuit Court, being of that opinion, dismissed the suit, and gave judgment in favor of the defendant for his costs.

This decision is evidently erroneous. The act of May, 1828 (4 Stat. at Large, 278), in express terms, directs that the forms and modes of proceeding in the courts of the United States, in suits at common law in the States admitted into the Union since 1789, shall be the same with those of the highest court of original jurisdiction in the State. Alabama is one of the States admitted since 1789; and the act of Congress, therefore, makes it obligatory upon the courts of the United States to conform in their mode of proceeding to the law of the State. The law of the State of itself, undoubtedly, was not obligatory upon the courts of the United States. But it is made so by the act of Congress.

The judgment of the Circuit Court must therefore be reversed, with costs.

*Order.*

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Southern District of Alabama, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, reversed, with costs, and that this cause be, and the same is hereby, remanded to the said Circuit Court, with directions for further proceedings to be had therein, in conformity to the opinion of this court, and as to law and justice shall appertain.