RENTON (WHIPPLE v.). See Case No. 17.-521.

## Case No. 11,701.

### RENWICK et al. v. COOPER et al.

[10 Blatchf. 201; 6 Fish. Pat. Cas. 31.] [1]

Circuit Court, S. D. New York. Sept. 28, 1872.

PATENTS—BREECH-LOADING FIRE-ARMS — CAVEAT —INFRINGEMENT—PROVISIONAL INJUNCTION.

The reissued letters patent granted to William C. Hicks, March 1st. 1870, for an "improvement in breech-loading fire-arms" [Case No. 11.-702], are valid, as against what is shown in a caveat filed in the patent office by George W. Morse, August 24th, 1855. and what is shown in letters patent granted to said Morse, October 28th, 1856.

[Cited in Morse Arms Manuf'g Co. v. Winchester Repeating Arms Co., 33 Fed. 178.]

[2] [Motion for provisional injunction.

[Suit brought [by Edward S. Renwick and others against Albert Cooper and others] upon letters patent for "improvement in breech-loading fire-arms," granted to William C. Hicks, March 10, 1857 [No. 16,797]; reissued May 9, 1865 [No. 3798]; again, January 18. 1870, and again. March 10, 1870, and extended for seven years from March 10, 1871. The accompanying engravings represent the Morse patent, showing especially the extractor employed by him. The Hicks invention is described and illustrated in the report of Renwick v. Pond [Case No.

---

[1] [Reported by Hon. Samuel Blatchford. District Judge, and by Samuel S. Fisher. Esq.. and here compiled and reprinted by permission. The syllabus and opinion are from 10 Blatchf. 201. and the statement is from 6 Fish. Pat. Cas. 31.]

[2] [From 6 Fish. Pat. Cas. 31.]

[Drawings from 6 Fish. Pat. Cas. 31.]

No. 1.

No. 2.

11.702]. The first of the foregoing engravings exhibits the hammer and movable parts which it operates; the second exhibits more fully the extractor or nippers, s, which, closing upon the rim of the cartridge in the chamber, o, serve to withdraw it. These nippers are also shown in the first figure. They are operated by the hammer, and not by the breech-piece.] [2]

George Gifford, for complainants.
Charles M. Keller, for defendants.

BLATCHFORD, District Judge. This is a motion for a provisional injunction, to restrain the infringement of reissued letters patent granted to William C. Hicks, March 1st, 1870, for an "improvement in breech-loading fire-arms." The arm proceeded against is one made by the Winchester Repeating Arms Company, of New Haven, Connecticut, and is of the same construction, in the particulars involved in this suit, as the arm proceeded against in the suit of Renwick v. Pond [Case No. 11,702], brought on the same patent, and decided by this court, on final hearing. In that suit, the first three claims of the patent were sustained against all defences, and were held to have been infringed by the arm in question. Among those defences, a patent issued to George W. Morse, October 28th, 1856, was set up. The original patent to Hicks, issued March 10th, 1857, was applied for February 20th, 1857, but it was held, on the evidence, that the invention by Hicks dated back to a period shortly after the 14th of August, 1855, and anterior to the date of the invention by Morse. A caveat is now introduced, filed in the patent office, by Morse, on the 24th of August, 1855. Morse testifies, that this caveat was prepared and in existence on or before the 14th of August, 1855, and was signed by him on or before the succeeding day; and that such caveat was accompanied by "a" drawing, which was prepared and in existence before the preparation of the specification and description of the invention, and was made from a model constructed by him more than a week previous to the 14th of August, 1855. The certified copy from the patent office of what was so filed as a caveat on the 24th of August, 1855, contains a description and two separate drawings. The second of these drawings is not referred to in the description. The description and the first drawing suggest the withdrawal of a cartridge by means of a catch, but they contain no description or representation sufficient to enable a practical working apparatus to be made from them. Morse's ideas, so far as they can be learned from such description and first drawing, do not appear to have been further developed on the plan there suggested. The plan set forth in his patent of October, 1856, is a different plan from

[2] [From 6 Fish. Pat. Cas. 31.]

that suggested in the description and first drawing of the caveat, and is a working out of the ideas put forth in the second drawing attached to the caveat. Such plan of the patent does not embody any one of the inventions covered by the first three claims of Hicks' patent, nor does such second drawing of the caveat embody any one of such inventions, nor is any one of such inventions found in the description, or the first drawing, of the caveat. It is sufficient to say, in regard to the Morse patent, and the second drawing of the caveat, that such extractor as they show is operated by the hammer, and not by the forward movement of the closing piece which closes the breech; that, when the extractor is in its most forward position, it is not within the periphery of a chamber in which the cartridge and its flange are contained, and in advance of the rear of the space in which the cartridge is received in such a chamber; and that the extractor is not so arranged as to engage with only one side of the flange of the cartridge. These are all essential features in Hicks' invention, and in the first three claims of his patent. It is, also, an essential point in Hicks' arrangement, that the closing of the breech effects the engagement of the hook. Therefore, a single movement of the hand, to close the breech, is all that is required. In the Morse patent, the forward movement of the breech closing piece causes no engagement of any hook with the cartridge flange, and there is no such engagement until the hammer is brought into action, by a second movement of the hand, to act on the tails of the hooks, to cause such engagement, after the forward ends of the hooks are moved forward by the breech-closing piece. In all the particulars in which the defendants' arm is like the plaintiffs', so as to infringe the first three claims of the plaintiffs' patent, such arm of the defendants is unlike, in its construction and mode of operation, what is shown in the Morse patent.

The injunction is granted.

[For another case involving this patent, see Renwick v. Pond, Case No. 11,702.]