LEWIS (GAYTES v.). See Case No. 5,288.

LEWIS (GIBSON v.). See Case No. 5,398.

LEWIS (GORDON v.). See Cases Nos. 5,612–5,614.

---

## Case No. 8,324.

### LEWIS v. GOULD et al.

[13 Blatchf. 216.] [1]

Circuit Court, S. D. New York. Dec. 14, 1875.

PLEADING AT LAW— IN FEDERAL COURTS—UNDER STATE CODE.

1. Under section 914 of the Revised Statutes of the United States. a pleading in a suit at law in this court, which is not authorized in a like suit in a court of this state, will be set aside on motion.

[Cited in Merchants' & Manufacturers' Nat. Bank v. Wheeler, Case No. 9,439.]

2. The common law forms of pleading are no longer necessary in the United States courts within the state of New York, nor are they admissible, except as they may be deemed to be substantially a compliance with the requirements of the Code of Procedure of the state, as to pleadings.

[Cited in Johnson v. Healy. Case No. 7,389; Oscanyan v. Winchester Repeating Arms Co., Id. 10,600; Rosenbach v. Dreyfuss, 1 Fed. 395.]

[This was a suit by Edwin M. Lewis, trustee, against Jay Gould and others. Heard on motion to set aside a replication.]

Sanford, Robinson & Woodruff, for plaintiff.

Thomas G. Shearman, for defendants.

JOHNSON, Circuit Judge. The defendants move to set aside the replication, upon the ground that the pleading is not authorized by law. It is entirely clear that, if this suit were in the supreme court of the state of New York, the pleading in question would be unauthorized, and might be set aside. The question is, whether that is also the law of the United States courts in this district. The answer to this question is given by section 914 of the United States Revised Statutes, which enacts that "the practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time, in like causes, in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding." No language can be more direct or plainer than this to convey the will of the congress, that the pleadings in the circuit and district courts shall be conformed to those employed in the state practice, "as near as may be." The qualification contained in this last phrase is not to be construed to subvert the command of the statute. "As near as may be" allows only necessary variations from the state methods, growing out of the different organization of the courts, and other similar matters.

No one can doubt, that, if the Code of Procedure of New York had existed as the law of the state in 1789 and 1792, the practice, pleadings and modes of procedure which it contains would, by force of the process acts of those years, have been adopted into and become the law of the circuit and district courts of the United States within this state. Nor is there any more doubt that such was the intent and is the effect of the section in question. The common law forms of pleading are no longer necessary in the United States courts within the state of New York, nor are they admissible, except as they may be deemed to be substantially a compliance with the requirements of the Code of Procedure of the state, as to pleadings. The same view of this statute was taken in Butler v. Young [Case No. 2,245], by Sherman, J., in the circuit court for the Northern district of Ohio, and the same principles of interpretation were applied to the former process acts. Fenn v. Holme, 21 How. [62 U. S.] 481; U. S. v. Keokuk, 6 Wall. [73 U. S.] 514.

The motion to set aside the replication must be granted.