### Case No. 4,991.

FOURTH NAT. BANK v. NEYHARDT.

[13 Blatchf. 393.] [1]

Circuit Court, N. D. New York. June 7, 1876.

Stanley, Brown & Clarke, for plaintiff.
David Wright, for defendant.

JOHNSON, Circuit Judge. This is a motion to set aside a judgment in an action at law, entered upon a report of a referee, without any application to the court. The order of reference was made by the court upon consent given in open court, and thereby the action was referred to Isaac M. Lawson, as referee, to hear and determine all the issues therein. The referee heard the cause and made his report, finding certain facts which are set out, and that the plaintiff had suffered damages, by reason of the matters found, to the amount of $12,161.43. He further finds, as a conclusion of law upon the facts found, that the plaintiff is entitled to recover judgment in the action, against the defendant, for the said sum of $12,161.43. By a clerical error, this report was entitled in the district court. It was filed in the clerk's office of the circuit court, and proceeded upon as if it had been correctly entitled.

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

No other cause was pending between the same parties, and no one was misled in any manner by the mistake. Under these circumstances, I think the mistake may be disregarded, or amended nunc pro tunc.

The question upon the merits is, whether judgment can be entered without an application to the court. In the case of Heckers v. Fowler, 2 Wall. [69 U. S.] 123, it was held that a reference by consent, in an action at law, could be made in the circuit court of the United States, and that a judgment could be entered without application to the court, upon the report of the referee, where such was the stipulation of the parties, and the order of the court thereupon, in making the reference. The act of June 1, 1872 [17 Stat. 196l], adopting the state practice for the time being, in actions at law, which is now contained in section 914 of the Revised Statutes, is, I think, at least equivalent to the clause of the stipulation in Heckers v. Fowler, and authorizes the entry of judgment upon the report of the referee, without any application to the court.

The only difficulty which the matter presents grows out of the fact, that there is, in the circuit courts of the United States, no division into special and general terms, as there is in the state courts of New York. This presents some embarrassment in respect to preserving the right of review of the decision of the referee; for, it is quite probable, that the supreme court of the United States would not. examine exceptions to a referee's report, which had never been presented to nor considered by the circuit court. But, if the exceptions taken to the referee's report were brought before the circuit court by proceedings taken under, or in analogy to those authorized by, section 987 of the Revised Statutes, or those provided when a trial is by the court without a jury, and its judgment obtained upon those questions, and entered at the foot of the judgment roll, or inserted therein, it appears to me that the difficulty would be obviated.

In any event, the judgment was not irregular, in being entered without an application to the court, founded on the referee's report, and the motion to set it aside on that ground must be denied.