## Case No. 13,781.

### TAYLOR v. BRIGHAM et al.

[3 Woods, 377.] [1]

Circuit Court, S. D. Georgia.   Nov. Term, 1876.

PLEADING AT LAW — FOLLOWING STATE PRACTICE —SHIPPING—LIABILITY OF OWNERS FOR MASTER'S TORTS.

1. Since the passage of the act of June 1, 1872 (17 Stat. 196), the federal courts will fol-

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

low the decisions of the state supreme court on questions of pleading.

2. The part owners of a steamboat are liable for the torts of the master, who is also a part owner, done in the execution of the business in which the boat is engaged.

[Cited in The Albany, 44 Fed. 435.]

Heard on motion for new trial. On February 4, 1856, the steamer Charles Hartridge, when passing up the Ocmulgee river, found a lot of cotton, the property of plaintiff [Charles E. Taylor], at Nest-Egg landing, which had been left there for transportation down the river to Savannah. The captain took the cotton aboard, with the purpose of carrying it to Savannah, and proceeded up the river on his trip. His object in not waiting until he came back to Nest-Egg landing from his trip up the river, and then taking the cotton on board, was to forestall any other boat, and make sure of the freight. He gave no bill of lading at the time, and took the cotton without authority of the owner. While proceeding up the river, the boat was snagged and took fire. The boat and cargo, including 42 bales of the cotton of the plaintiff, were consumed. The plaintiff sued in trover the owners of the boat, among whom was the captain, for the value of his cotton so lost.

The jury found for the plaintiff, and the defendants [Brigham & Kelly and others] here move for a new trial, which they base on two grounds: First. Because the court erred in not awarding a nonsuit on the motion of defendants, based on the ground that the suit should have been in case and not in trover; and, second, because the court erred in charging the jury, that if Taylor, as captain of the boat, and one of its part owners, did, while in the prosecution of the business in which the boat was engaged, convert the cotton, all of the defendants, as part owners of the boat, are liable for his act.

Richard F. Lyon, for the motion.
W. B. Hill, contra.

WOODS, Circuit Judge. The first ground of the motion is not well taken. By express act of congress, the practice, pleadings and forms and modes of proceeding in civil causes other than equity and admiralty causes, in the circuit and district courts shall conform, as near as may be, to the practice, pleadings and forms and modes of proceeding existing at the time in like causes in the courts of record in the state within which such circuit or district courts are held. 17 Stat. 196. In a suit brought in trover by other parties against these same defendants to recover for cotton lost in the same disaster, and under precisely similar circumstances, the supreme court of Georgia held trover and not case was the proper form of action: Phillips v. Brigham, 26 Ga. 617. In that case the court said, that if there was a conversion of the cotton, trover was the proper remedy, and that both the taking of the cotton without authority and the deviation from the ordinary route, constituted a conversion. This decision, upon a question of pleading in the state courts, is under the act of congress just quoted, binding upon this court.

Second. Were the defendants, as part owners of the boat, all liable for the act of the captain in converting the cotton while in the prosecution of the business in which the boat was engaged? The law treats the captain of a boat as in some sort a subrogated principal, or qualified owner of the ship, possessing authority in the nature of exercitorial power for the time being. And his liability, founded upon this consideration, extends not merely to his contracts, but to his own negligences, malfeasances and misfeasances, as well as to those of his officers and crew. Hence it is that the master of a general or carrier-ship, as well as the owner, is treated as a common carrier. Story, Ag. §§ 314, 315. All owners of a vessel are liable for the consequences of a wrongful act of a person employed by them, or of one part owner, so far as he is acting as the agent and representative of the others, if the tort be committed in obedience to positive direction, or while in the actual discharge of a duty committed to him, or as a part of a service committed to him, and this rule extends to all cases of mere negligence, however gross. Pars. Partn. 572. The owners of a ship are liable for the misconduct of the master to third persons, and for the conduct of the master and crew in the execution of the business in which they are engaged. Joy v. Allen [Case No. 7,552]; Dias v. The Revenge [Id. 3,877]; Ralston v. The State Rights [Id. 11,540]; Sunday v. Gordon [Id. 13,616]; McGuire v. The Golden Gate [Id. 8,815]; L'Invincible, 1 Wheat. [14 U. S.] 237; The Anna Maria, 2 Wheat. [15 U. S.] 327. The owners are even liable for the willful and malicious acts of the master, done in the course and scope of his employment. Andrews v. Essex Fire & Marine Ins. Co. [Case No. 374]; Coffin v. Newburyport Ins. Co., 9 Mass. 436; Hazard v. Israel, 1 Bin. 240; Lyons v. Martin, 8 Adol. & E. 512; M'Manus v. Crickett, 1 East, 106; Jones v. Hart, 2 Salk. 441; Middleton v. Fowler, 1 Salk. 282; Quarman v. Burnett, 6 Mees. & W. 499; Bowcher v. Noidstrom, 1 Taunt. 568. The authorities cited fully sustain the charge of the court, which is complained of.

Neither of the grounds on which the motion for a new trial is asked is well taken. The motion must, therefore, be overruled.