STINSON (GASS v.).  See Cases Nos. 5,260–5,262.

————

## Case No. 13,459.

### STINSON v. HILDRUP et al.

[8 Biss. 376.] [1]

Circuit Court, N. D. Illinois.  Dec., 1878.

PLEADING IN EQUITY — SIGNATURE BY COUNSEL—SOLICITOR.

Where an attorney of this court signs a bill as solicitor for complainant, this is a sufficient

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

compliance with the 24th equity rule, which requires all bills to be signed by counsel.

[Appeal from the district court of the United States for the Northern district of Illinois.]

[This was a bill in equity by James Stinson against Jesse S. Hildrup and others.] A motion was made in .this case, in the district court, by the defendants to dismiss the bill for want of the proper signatures of counsel; and there was also a cross motion by the complainant to amend the bill by adding to the signature the words, "of counsel." On the 15th of November the court allowed the former motion, and disallowed the latter. Thereupon, the plaintiff made a motion to set aside this order, which was overruled by the district judge. [Case unreported.] Appeal to the circuit court.

John I. Bennett and J. C: Dunlevy, for complainant.

A. B. Mason, for defendants.

DRUMMOND, Circuit Judge. The question is whether the order made by the court on the 15th of November was correct. The bill is signed by the complainant in his own person, and by J. C. Dunlevy and John I. Bennett, "solicitors for complainant." The reason of the decision of the court seems to have been because of the addition made to the signatures of Messrs. Dunlevy and Bennett, "solicitors for complainant," instead of the words, "of counsel," or "counsel for complainant."

The defendants insist that it is not a sufficient compliance with the rule—for a person who is a counselor of the court to state that he is a solicitor for the complainant, but that he should state that he is "of counsel for the complainant." The 24th rule in equity is as follows:

"Every bill shall contain the signature of counsel annexed to it, which shall be considered as an affirmation on his part that upon the instructions given to him, and the case laid before him, there is good ground for the suit in the manner in which it is framed."

Of course this rule is obligatory in all cases, and it may be said, that no bill is complete unless it is complied with. It is not questioned, as I understand, that J. C. Dunlevy and John I. Bennett were at the time they appended their signatures to the bill, counselors of the court; but it is claimed that as they appear simply in the character of solicitors it is different from that of counselors. The authorities which have been referred to by the counsel of the defendants are, most of them, from the English courts where, as is well known, there is a distinction between attorneys, solicitors and barristers, and it might be a very proper practice in courts where there was this distinction that there should be added to the signature the description of that part of the profession to which the person belonged, whether a solicitor, an attorney,

or a barrister, but there is no such distinction in our courts and under our practice; and the reason of the rule requiring the description of the person to be added ceasing, the rule itself, it would seem, ought to cease. An attorney regularly admitted to practice in this court, is a counselor of the court within the 24th rule. A distinction is sometimes made as to these terms which is purely arbitrary, between proceedings in equity and at common law. The practice of the bar generally is, when a member signs a common law pleading it is as attorney; if an equity pleading, he signs it as solicitor. But this is a distinction arising merely from the two kinds, or modes of proceeding. He is counsel, and attorney, of the court in which soever form he appends his signature. In common law proceedings we speak of the actor or party bringing the suit as plaintiff and in equity proceedings as complainant; but in point of fact this is a distinction without a difference. The complainant in the equity proceeding is the "plaintiff" as the plaintiff in the common law proceeding is the "complainant." They are convertible terms, although for the purpose of distinguishing whether the suit is at law or in equity, different names are sometimes used. In the equity rules of the supreme court, the actor is always called plaintiff, and not complainant.

It will be observed that the 24th rule does not require that the party signing as counsel shall give any character to his signature. It does not say that he shall designate that he is of counsel, or solicitor, or an attorney, but simply that his signature shal be annexed to the bill. "The bill shall contain the signature of counsel." It might be a matter of grave doubt, whether, in point of fact, the true construction of this rule, if a counselor of the court did actually append his signature to the bill, would require him to describe himself in any other way than what might be inferred from the mere signature itself.

I am somewhat at a loss to know what is the distinction, under our practice, between the terms, "solicitor" and "counselor." I should be very much inclined to think that if there were the signature of counsel to the bill, whether he was described as "counselor," as "solicitor," or as "attorney," that the description might be rejected as surplusage, and that it would stand as a compliance with the rule. But, however this may be, it seems to me clear that if the signature is that of a counselor of the court, and he is described as solicitor, that the bill ought not to have been dismissed on the motion of the defendants; but that the cross-motion of the complainant ought to have been allowed, and the words, "of counsel for the complainant" have been permitted to be added to the signatures of Mr. Dunlevy and Mr. Bennett. I am, therefore, of opinion that the order of the district court made on the 15th of November ought to be set aside.