### CASTRO v. DE URIARTE.

*(District Court, S. D. New York. March 25, 1882.)*

1. FALSE IMPRISONMENT—WHEN ACTION LIES.
    Where the subject-matter of an offence charged on the accused is wholly beyond the jurisdiction of the committing magistrate, only an action for false imprisonment, and not an action for malicious prosecution, will lie.

2. MALICIOUS PROSECUTION—ACTION FOR.
    But if the subject-matter and the person be within the proper jurisdiction of the magistrate, and the papers upon which the process was issued, or the process itself, be defective or irregular merely, upon the proceeding being terminated, if the prosecution was malicious, the accused may maintain an action either for false imprisonment or for malicious prosecution. Although the magistrate who issues process without jurisdiction is liable in trespass only, the complainant is liable to trespass on the case as the indirect cause of the injury.

3. COMPLAINT CHARGING BOTH OFFENCES—JOINDER.
    In an action brought by a person who had been arrested for the purpose of extradition, under the treaty with Spain, upon the complaint of the defendant, the Spanish consul, and the complaint in the present action charged in the first count false imprisonment, upon the ground of defects in the affidavits submitted to the United States commissioner, upon whose order the arrest was

made, and in the second count alleged a malicious prosecution, *held*, on demurrer, that as the commissioner had full jurisdiction of the subject-matter the two counts were not necessarily "inconsistent," and therefore not, on that ground, improperly united in the complaint under sections 484 and 488 of the New York Code of Procedure.

4. SAME—SEPARATE OFFENCES IN SEPARATE COUNTS.

Different counts are presumptively upon different claims, or for different offences. It cannot, therefore, be assumed upon demurrer, however probable it may be, that the counts for malicious prosecution and for false imprisonment are upon the same identical proceeding.

Demurrer to Amended Complaint.

*Carpenter & Mosher*, for plaintiff.

*Sidney Webster*, for defendant.

BROWN, D. J. This is an action against the defendant, the consul general of Spain, to recover damages for an alleged false imprisonment and malicious prosecution in proceedings for the extradition of the plaintiff, under the treaty with Spain of January 5, 1877. 19 St. at Large, 650. Being a common-law action, the sufficiency of the pleadings upon the demurrer is to be determined according to the New York Code of Procedure. Rev. St. § 914.

The amended complaint contains two counts or causes of action separately stated. The first charges that the defendant, on the second of October, 1881, appeared before John A. Osborn, a commissioner of the circuit court of the United States for the southern district of New York, and charged the plaintiff with forgery at Havana, Cuba, on or about September 25, 1881, and thereupon procured the commissioner's warrant for the arrest of the plaintiff, upon which he was taken before the commissioner by the active procurement and aid of the defendant, and for several days restrained of his liberty; that at the time of issuing said warrant, and of the arrest of the plaintiff thereunder, the commissioner had in fact no jurisdiction, and the warrant was wholly void for various reasons, stating, among others, that no mandate or preliminary warrant had been obtained from the executive department prior to the proceedings before the commissioner, (*In re Kaine*, 3 Blatchf. 6–10; *In re Thomas*, 12 Blatchf. 370; *In re Stupp*, Id. 501;) and that the warrant itself, for various defects upon its face, was wholly void. The second cause of action alleges the arrest of the plaintiff upon a warrant issued by the same commissioner upon the same day on a similar charge of forgery, under which, by defendant's procurement, he was imprisoned on the

second day of October, and restrained of his liberty until October 4, 1881, when, after examination, the plaintiff was held not guilty, and discharged and fully acquitted by the commissioner; and that the said proceedings have been fully ended and determined; that all the acts and doings of the defendant were done falsely and maliciously, and without reasonable and probable cause, and claims as damages $10,000.

The defendant demurs to the second cause of action on the ground that it does not state facts sufficient to constitute a cause of action. He also demurs to the whole complaint on the ground that it appears on the face thereof that the first and second causes of action are improperly united; the first cause of action being for false imprisonment, and the second for malicious prosecution founded on the same alleged acts and supposed wrongs.

Section 488 of the Code of Procedure specifies eight causes for which the defendant may demur to a complaint. Subdivision 7 is "where causes of action have been improperly united." Subdivision 8 is "where the complaint does not state facts sufficient to constitute a cause of action." By section 492 the defendant may demur to the whole complaint, or to one or more separate causes of action stated therein.

Section 484 specifies the causes of action which may be joined in one complaint, and subdivision 2 embraces causes of action "for personal injuries, except libel," etc.; and both of the causes of action in the present complaint clearly come under this subdivision. This section also provides, at its close, that "it must appear upon the face of the complaint that all the causes of action so united belong to one of the foregoing subdivisions of this section, and *that they are consistent with each other.*" The last clause, requiring that such causes of action be consistent with each other, was first added in the new Code of 1877.

The demurrer to the second cause of action, on the ground that it did not state facts sufficient to constitute a cause of action, is based upon the contention of the defendant that an action for malicious prosecution cannot be maintained except upon a legal and *valid* judicial proceeding; that it will not lie upon proceedings void for want of jurisdiction; that the complaint must allege or show such a valid judicial proceeding; and that the second cause of action is in this respect defective in not alleging either in general words that the

commissioner had jurisdiction, or in showing any facts sufficient to authorize the issuing of the warrant of arrest.

The demurrer to the whole complaint for the improper joinder of the two causes of action is based upon the contention that an action for false imprisonment and for malicious prosecution cannot both be maintained upon the same identical proceedings and arrest; that the former is based upon a want of jurisdiction, and the latter upon a valid legal proceeding; and that if the statement of the second cause of action be held sufficient in averring or showing jurisdiction in the commissioner who issued the warrant for the arrest, then it is *inconsistent* with the first cause of action, which is based expressly upon the want of jurisdiction, and therefore that the joinder of these two causes of action in one complaint is forbidden by section 484, above referred to.

The remedy at common law for false imprisonment is by an action of *trespass* for a *direct* injury to the plaintiff through an unlawful arrest, or a detention without legal authority. The arrest or detention may be by process, under color of legal proceedings, or without process, in the absence of any legal proceedings; or it may be through the irregular issuing or service of process in proceedings otherwise valid. Addison, Torts, §§ 798, 802, 803, 831; *Barker* v. *Braham*, 2 W. Bl. 865, 844; *Holley* v. *Mix*, 3 Wend. 350; *Pease* v. *Burt*, 3 Day, 485.

The common-law remedy for a malicious prosecution, on the other hand, is by an action on the *case* for an *indirect* injury through the institution of legal proceedings from malicious motives and without probable cause. To recover in such an action not only must malice and the absence of probable cause be shown, but also the termination of the legal proceedings in favor of the accused; none of which are essential to recovery in an action of trespass for false imprisonment. The gist of the action is the malice and want of probable cause; and where these concur and the accused has been acquitted, the law, by means of this remedy, designs to afford him compensation for the injury, expense, annoyance, or disgrace of the groundless proceedings against him. Addison, Torts, §§ 852, 868.

Where the proceedings are void for want of jurisdiction, trespass for false imprisonment is the ordinary remedy, since no other proof is requisite than the proof of the arrest or detention, and of the illegality of the proceedings. Upon this proof the plaintiff is entitled to compensatory damages. *Jay* v. *Almy*, 1 W. & M. 262; *Blythe* v.

*Tompkins,* 2 Abb. Pr. 468. And where there is also evidence of malice or bad faith or want of probable cause, exemplary damages may also be given, but not otherwise. Addison, Torts, § 845; *Day* v. *Woodworth,* 13 How. 363, 371; *Brown* v. *Chadsey,* 39 Barb. 253, 265; *Williams* v. *Garrett,* 12 How. (N. Y.) 456.

Where the arrest complained of arose in the course of legal proceedings, and there was no doubt of malice and of the want of probable cause, and no question existed concerning the jurisdiction or legal validity of the proceedings themselves, the pleader was necessarily confined to an action on the case for malicious prosecution; while if a doubt existed with regard to the jurisdiction of the court or magistrate in issuing the warrant of arrest, or the regularity of the proceedings under it, the pleader would ordinarily insert also a count of trespass for false imprisonment, so that, upon trial, if the proceedings were held irregular he would be entitled to recover compensatory damages at all events, and on proof of malice and want of probable cause he could recover full damages for the malicious prosecution, in case the proceedings and the arrest should be held to be regular, and within the jurisdiction of the court or magistrate that issued the warrant.

While thus, from reasons of convenience, the remedy for an arrest without jurisdiction was ordinarily by an action of trespass for false imprisonment, and the remedy was by an action on the case for malicious prosecution, where the arrest was in the course of lawful prosecution, yet these remedies were not confined within these several limitations, nor were they always mutually exclusive of each other. Though the process and proceedings were perfectly valid and regular, yet in case of their abuse or misuse or service at an unlawful time, an action for false imprisonment would still lie. *Holley* v. *Mix,* 3 Wend. 350; *Doyle* v. *Russell,* 30 Barb. 300, 305; 1 Term, 536–7; *Pease* v. *Burt,* 3 Day, 485.

By the Revised Statutes of this state, (2 Rev. St. p. 553, § 16,) it is provided:

"Where, by the wrongful act of any person, an injury is produced either to the person, personal property, or rights of another, for which an action of trespass may by law be brought, an action of trespass on the case may be brought to recover damages for such injury, whether it was wilful or accompanied by force or not; and whether such injury was a direct and immediate consequence from such wrongful act, or whether it was consequential and indirect."

This provision is not affected by the Code of Procedure. The necessary effect of it would seem to be, to authorize an action on the case for a malicious prosecution where malice and the want of probable cause appear, even though the want of jurisdiction in the proceedings for the arrest also expressly appear, since an action of trespass for false imprisonment would in the latter case undoubtedly lie, and in all such cases, therefore, the party injured has his election of remedies under this statute. *Rice* v. *Platt*, 3 Denio, 81, 84; *Wright* v. *Wilcox*, 19 Wend, 343, 348; *Shorle* v. *Charles*, 18 Wend. 616.

Aside from this statutory provision, upon an examination of the authorities cited in the elaborate briefs which have been submitted to me by the counsel of the respective parties, I am satisfied that the great preponderance of authority, not only in this state but in this country generally, as well as in England, is to the effect that an action for malicious prosecution will lie against the person upon whose complaint the warant was issued, though the proceedings were irregular and without jurisdiction, provided the subject-matter, the offence, and the person were within the magistrate's jurisdiction. It is so stated expressly in the text writers, and has been repeatedly adjudged. 3 Bl. Comm. 127; 2 Greenl. Ev. § 449; 1 Chit. Pl. *133.

The precise question here presented arose in the case of *Morris* v. *Scott*, in this state, (21 Wend. 281,) where, in an action on the case for malicious prosecution, the plaintiff was nonsuited on the trial because it did not appear in the declaration that the justice before whom the complaint was made, and who had issued his warrant for the arrest of the plaintiff, had jurisdiction in the matters charged. Upon error to the supreme court the judgment was reversed, the court holding that an action might be maintained "though there may be a total want of jurisdiction, provided malice and falsehood be put forward as the *gravamen,* and the arrest or other act of trespass be claimed as the consequence." The authority of this case has not been shaken, but reaffirmed, by subsequent decisions. *Newfield* v. *Copperman*, 47 How. 87; *Thaule* v. *Krekeler*, 81 N. Y. 428; *Van Latham* v. *Libby*, 38 Barb. 348; *Dennis* v. *Ryan*, 63 Barb. 145; 65 N. Y. 385. In the case last cited the defendant had been charged with forgery, accompanied by a statement of such facts and circumstances as showed that the offence was not forgery in law, and upon trial of the indictment he was acquitted upon that ground. In a subsequent trial for malicious prosecution the judge charged that the action would lie

"if the defendant knew that the charge was false and unfounded, and by that means procured the plaintiff to be indicted and brought to trial even though the charge made did not constitute the crime alleged, or any crime;" and this charge was sustained on appeal.

The same principle has been affirmed in numerous other cases in this country. *Stone* v. *Stevens*, 12 Conn. 219; *Hayes* v. *Younglove*, 7 B. Mon. 545; *Stancliffe* v. *Palmeter*, 18 Ind. 321; *Stocking* v. *Howard*, (Miss.) 24 Alb. Law J. 537; *Sweet* v. *Negus*, 30 Mich. 406; *Collins* v. *Love*, 7 Blackf. 416; *Forrest* v. *Collier*, 20 Ala. 175; *Brewboy* v. *Cockfield*, 2 McMullen, 270; *Gibbs* v. *Ames*, 119 Mass. 60.

In support of the proposition that an action for malicious prosecution will not lie except upon *valid* legal proceedings, the defendant relies upon the recent case of *Nebenzahl* v. *Townsend*, decided in the New York common pleas, (61 How. N. Y. 353,) on several cases in Massachusetts, (*Bixby* v. *Brundridge*, 2 Gray, 129; *Whiting* v. *Johnson*, 6 Gray, 246; *Bodwell* v. *Osgood*, 3 Pick. 379,. 383,) and on some others of a similar character. In the case in the common pleas the point was referred to briefly; but at the close of the paragraph the learned judge says: "The point is not material, from what subsequently occurred." The case has not, therefore, the weight of an express adjudication. In *Bixby* v. *Brundridge* the decision was upon the express ground that the justice had "no jurisdiction *of the offence*," and the fact was the same in both the other Massachusetts cases. These cases, therefore, are not in point as respects a court or magistrate that has jurisdiction of the subject-matter of the offence charged and of the parties. The same distinction was taken in the case of *Painter* v. *Ives*, 4 Neb. 126, and in *Sweet* v. *Negus*, 30 Mich. 406. In the former case, *Lake*, C. J., says:

"This seems to be the correct rule where the proceedings complained of were had in a court having no jurisdiction of the subject-matter of the suit."

In the latter case *Christiancy*, J., says:

"There may be good ground for holding, as has been held in some cases, that when the justice has by law no jurisdiction of the subject-matter, or a total want of jurisdiction otherwise appears upon the face of the warrant, the proceedings cannot properly be called a prosecution. In such cases the accused would be under no obligation to obey or submit to the arrest, or the trial or examination. We decide nothing upon this point, as it is not before us; but we are entirely satisfied that when the want of jurisdiction does not appear upon the face of the warrant, and is only to be shown by evidence

*aliunde*, the party arrested and prosecuted may, when he has been acquitted, maintain an action for malicious prosecution, when he shows it to have been malicious, and the prosecution does not show in defence that there was probable cause, and that he acted in good faith."

In Massachusetts, also, in the more recent case of *Gibbs* v. *Ames*, 119 Mass. 60, the decision of the court is to the same effect, where a plaintiff was brought to trial and acquitted, but without any previous proper complaint or proper warrant of arrest, and it was held that an action for malicious prosecution would lie; and the court say:

"This was a sufficient prosecution and acquittal therefrom to furnish a foundation for the common action for malicious prosecution, nothwithstanding any insufficiency of the complaint, or defect of process by which she was brought before the court, or *want of jurisdiction* of the magistrate arising from such defect. *The magistrate had jurisdiction of the subject-matter of the complaint*, which was not the case in *Bixby* v. *Brundridge*, 2 Gray, 129, and *Whiting* v. *Johnson*, 6 Gray, 246."

In England it can hardly be said that any other rule has ever prevailed as against a prosecutor who has maliciously procured an illegal warrant of arrest to be issued upon a groundless charge, although the magistrate who maliciously issues it without jurisdiction is liable in trespass only, since he is the *direct* cause of the arrest, (*Morgan* v. *Hughes*, 2 Term, 225, 221,) while the complainant was but the *indirect* cause.

Blackstone (3 Comm. 127) says:

"But an action on the case for a malicious prosecution may be founded upon an indictment whereon no acquittal can be had; as if it be rejected by the grand jury, or be *coram non judice*, or be insufficiently drawn. For it is not the danger of the plaintiff, but the scandal, vexation, and expense upon which this action is founded." *Gastin* v. *Willcock*, 2 Wilson, 302, 307; *West* v. *Smallwood*, 3 Mees. & W. 418, 420; *Wicks* v. *Tentham*, 4 Term, 247; *Pippet* v. *Hearn*, 5 Barn & A. 634.

In the late case of *Farley* v. *Danks* (4 El. & Bl. 493) the defendant had falsely and maliciously procured the plaintiff to be adjudicated a bankrupt upon an affidavit which was not sufficient legally to warrant an adjudication. Lord Campbell, in support of a verdict, says:

"It is said that the adjudication ought to be a consequence necessarily and legally following from the facts if true. But all that is necessary is that the defendant should falsely and maliciously cause the act; and he does that when he swears falsely, and the act would not be done without his so swearing.

It would be monstrous to say that this does not make out the charge. I should be very sorry to find any decisions of our courts to that effect. Where a man makes a true statement of fact, upon which the court acts wrongfully, the grievance, it is true, arises not from the statement, but from the judgment; but it would be monstrous to hold that this is so where the statement is maliciously false. We must assume that *Oldfield* v. *Dodd*, 8 Exch. 578, is correctly decided; though for anything I know it may be reversed in the house of lords. But it does not show that this action will not lie; it shows only that the commissioner made a mistake; he did not the less act on the authority of the defendant. Suppose an application to be made to hold a man to bail upon affidavit that he is going to leave the country, which is utterly without foundation of fact, and that some slip is made, as Mr. Gray suggests, in point of law; it is clear that, under these circumstances, a party would be liable for a malicious falsehood. The action, therefore, well lies; and the rule must be discharged."

Upon these authorities it would seem to be clear that, whatever doubt may exist in regard to the propriety of an action for malicious prosecution where the court or magistrate issuing the warrant was wholly without jurisdiction of the subject-matter or of the offence charged, the nearly unanimous decisions of the courts are that such an action will lie against the prosecutor who has maliciously set on foot legal proceedings, though invalid, before a tribunal of competent jurisdiction; and such is this case. The defendant, according to the averments of the second cause of action demurred to, maliciously and without probable cause procured the plaintiff's arrest upon a charge of forgery, through a warrant which he procured to be issued from a commissioner of the circuit court of this district. The magistrate was competent to entertain the charge; the offence was within the provisions of the treaty. The proceedings may have been irregular and invalid, but they were within the general scope of his jurisdiction; and these proceedings having been, according to the complaint, set on foot maliciously and without probable cause, and the plaintiff's arrest procured through the defendant's agency therein, it does not lie in his mouth to insist that the proceedings were defective.

The demurrer to the second cause of action should therefore be overruled.

In the above view of the second cause of action it is not necessarily "inconsistent" with the action of trespass for false imprisonment stated in the first cause of action; inasmuch as, if the proceed-

ings on the warrant for the arrest should be found to be irregular and void, either action would in this case lie, by reason of the general jurisdiction of the commissioner over the subject-matter; and this would be the case although it appeared that both causes of action were upon one and the same proceeding and arrest. *Barr* v. *Shaw*, 10 Hun. 580. But this fact does not appear upon the complaint in this case, however probable it may be. In the theory of pleading different counts are supposed to represent different claims or offences. It is not impossible that the plaintiff may have been arrested by the defendant's procurement upon the same day upon two different charges, and by two different warrants of arrest, and the subsequent proceedings might possibly have been had under both. It is not impossible that a prior proceeding may have been thought of doubtful sufficiency, and a second have followed upon the same day, designed to avoid any defects of the first. Nothing in the complaint shows that both counts are for the same arrest, and it cannot upon demurrer be taken for granted.

On both grounds, therefore, the demurrer to the whole complaint should be overruled.

The defendant may answer within 20 days on payment of the costs of the demurrer.

### NOTE.

CONFORMITY TO PRACTICE IN STATE COURTS. United States courts conform as near as may be to the practice, pleading, and modes of procedure in civil cases other than equity and admiralty, with the rules of practice of the states where they are held.(*a*) Section 914 of the Revised Statutes only assimilates the practice in the federal courts to that of the state courts " as near as may be,"(*b*) and goes no further than to adopt the state statutes " as near as may be."(*c*) The statute makes a distinction between common-law cases and equity and admiralty cases as to the forms and modes of procedure,(*d*) and it applies solely to common-law suits,(*e*) and has no application to cases in equity.(*f*) So, the practice of allowing ejectments to be maintained on equitable titles cannot affect the jurisdiction of the courts of the United States,(*g*) and so of answers to an action at common law, claiming an equitable

---

(*a*) Perry v. Mechanics' Mut. Ins. Co., 11 Fed. Rep. 478.

(*b*) Whalen v. Sheridan, 10 Fed. Rep. 662: Robinson v. Mut. Ben. Ins. Co. 16 Blatchf. 201. See Indianapolis & St. L. R. Co. v. Horst, 93 U. S. 291.

(*c*) U. S. v. Brawner, 7 Fed. Rep. 90.

(*d*) Steam Stone Cutter Co. v. Sears, 9 Fed. Rep. 9; Sandford v. Portsmouth, 6 Cent. L. J. 147; Nudd v. Burrows, 91 U. S. 426.

(*e*) The Blanche Page, 16 Blatchf. 5; Dwight v. Merritt, 18 Blatchf 305.

(*f*) Bleaso v. Garlington, 92 U. S. 1; Brooks v. Vermont C. R. Co. 14 Blatchf. 471. See Butler v. Young, 5 Chi. Leg. News, 146.

(*g*) Fenn v. Holme, 21 How 481; Hooper v. Scheimer, 23 How. 249; Sheirburn v. Cordova, 24 How. 423; Robinson v. Campbell, 3 Wheat. 212.

right.(h)  When pending cases are proceedings at law, they are entitled to the benefits of the provisions of this section;(i) and the first inquiry is, what is the practice in the state court?(j)

The intention of the statute is 'to secure in each state one method of procedure in all common-law cases, and to attain that result by adopting in general the procedure of the state courts.(k)  Under this statute old forms of process for the commencement of common-law suits used in the United States courts have been superseded by the summons, conforming to the practices of the state courts except as to the mode of attestation, which is provided for by Rev. St. § 911.(l)  It applies to process by which suits are brought, and its mode of service;(m) so of *mandamus* as a remedy to compel municipal corporations to levy a tax to pay a judgment creditor;(n) but not to summary process against a marshal, where the state law authorizes such process against a sheriff for a penalty in addition to the amount due on the execution.(o)

This section applies to the rules of pleading;(p) and to the time of filing the declaration after being returned "summoned."(q)  It applies to the mode of amending the complaint as of course,(r) and pleadings not authorized in the state court in a like suit will be set aside on motion.(s)  On removal of the cause no other or different pleadings are necessary;(t) but it does not apply to the rule of set-off, which is exclusively under the laws of the United States;(u) nor to the signature to a bill, which is regulated by rule 34 in equity.(v) Where a state abolishes fictitious proceedings and establishes in their place the action of trespass, for the purpose of trying the title to lands and recovery of their possession, this section applies.(w)  It applies to the requirement to answer interrogatories as a substitute for a bill of discovery;(x) and to *ordering* a proceeding to substitute one defendant for another;(y) and to all motions at common law required by the practice at a special term of the state court, in a stated term of the federal court;(z) but it does not apply to ordering a peremptory nonsuit against the will of the plaintiff.(a)  It applies to notice of hearing for the trial of an issue of law on a demurrer.(b)  State laws requiring a judge to put his decision in writing are not binding on federal courts.(c)

(h) Montejo v. Owen, 14 Blatchf. 324.

(i) Moran v. City of Elizabeth, 9 Fed. Rep. 73.

(j) Brown v. Phil., W. & B. R. Co. 9 Fed. Rep. 185.

(k) Bills v. N. O., St. L., etc. R. Co. 13 Blatchf. 228.

(l) Brown v. Pond, 5 Fed. Rep. 37; Peaslee v. Haberstro, 15 Blatchf. 472; Dwight v. Merritt, 18 Blatchf. 305; S. C. 4 Fed. Rep. 614.

(m) Brownell v. Troy & Bost. R. Co. 18 Blatchf. 245; Dwight v. Merritt, 18 Blatchf. 305; Springer v. Foster, 2 Story, 383; Perkins v. Watertown, 5 Biss. 320.

(n) U. S. v. City of Keokuk, 6 Wall. 514. See Wisdom v. Memphis, 8 Cent. L. J. 108.

(o) Gwin v. Barton, 6 How. 7; Gwin v. Breedlove, 2 How. 29.

(p) Oscanyan v. Winchester Arms Co. 15 Blatchf. 87; Taylor v. Brigham, 3 Woods, 377; Lewis v. Gould, 13 Blatchf. 216.

(q) Ricard v. Inhab. of New Providence, 5 Fed. Rep. 434.

(r) Rosenbach v. Dreyfuss, 1 Fed. Rep. 393; West v. Smith, 101 U. S. 263; Whitaker v. Pope, 2 Woods, 463.

(s) Lewis v. Gould, 13 Blatchf. 216.

(t) Merch. & Manuf. Nat. Bank v. Wheeler, 13 Blatchf. 218.

(u) U. S. v. Robeson, 9 Pet. 319.

(v) Stinson v. Hildrup, 8 Biss. 376.

(w) Sears v. Eastburn, 10 How. 187.

(x) Bryant v. Leyland, 6 Fed. Rep. 126.

(y) Harris v. Hess, 10 Fed. Rep. 263.

(z) Emma Silv. M. Co. v. Park, 14 Blatchf. 411; Nairo v. Cragin, 3 Dill. 474; Republic Ins. Co. v. Williams, 3 Biss. 370.

(a) Elmore v. Grynes, 1 Pet. 471.

(b) Rosenbach v. Dreyfuss, 2 Fed Rep. 23.

(c) Martindale v. Waas, 11 Fed. Rep. 551.

It is irregular to enter judgment on a referee's report without an application to the court, that being the practice in the state court,(*d*) and there is no authority to refer a common-law suit to referees for trial without consent of both parties, although the state court may.(*e*)  Does this section authorize the review of an action at law pursuant to the practice of the state court, where the facts were found by a referee, *quære?* (*f*)  The rules of the State Code of Practice have no application over courts of error and bills of exceptions in the United States courts,(*g*) and there is nothing in this section which extends to or affects the power of the federal courts as it before existed on a writ of error.(*h*)  Judgments and decrees are liens when similar judgments and decrees are made liens by the state law.(*i*)  This section applies to a writ of *scire facias* in reciting a judgment on a prior *scire facias.*(*j*)  State laws regulating final process have no application unless adopted by some act of congress;(*k*) but state laws as to exemption from levy and sale on execution will be followed; (*l*) so, as to the notice and mode and time of sale under execution.(*m*)

Where congress by statute has pointed out a specific course of procedure, or has legislated generally on the subject-matter, such legislation must be followed, although opposed to the forms and modes of procedure prevailing in the state courts and established by the state statutes,(*n*) and this section does not by implication repeal any previous act of congress expressly providing a particular mode of proceeding.(*o*)  It does not apply to a rule of practice of a state court adopted subsequently to an act of congress regulating the practice in the federal courts in such states.(*p*)—[ED.

(*d*) Fourth Nat. Bank v. Neyhart, 13 Blatchf. 393.

(*e*) Howe Mach. Co. v. Edwards, 15 Blatchf. 402.

(*f*) Boogher v. Ins. Co. 103 U. S. 90.  See Robinson v. Mut. B. L. Ins. Co. 16 Blatch. 194.

(*g*) Whalen v. Sheridan, 18 Blatchf. 308, 324; S. C. 5 Fed. Rep 436: Marye v. Strouse, 5 Fed. Rep. 494.  See Muller v. Ehlers, 91 U. S. 251.

(*h*) Town of Lyons v. Lyons Nat. Bank 8 Fed. Rep. 374.  See Nudd v. Burdows, 8 Chi. Leg. News, 129.

(*i*) Ward v. Chamberlain, 2 Black, 430.

(*j*) Brown v. Chesapeake & O. C. Co. 4 Fed. Rep. 771.

(*k*) Wayman v. Southard, 10 Wheat. 1; Ross v. Duval, 13 Pet. 45; Boyle v. Zacharie, 6 Pet. 648.

(*l*) In re Volger, 2 Hughes, 297; In re Appold, 6 Phila. 469; In re Ruth, Id. 438.

(*m*) Moncure v. Zants, 11 Wall. 416; Smith v. Cockrill, 6 Wall. 756; Pollard v. Cocke, 19 Ala. 188; Merchants' Bank v. Evans, 51 Mo. 335.  See Byers v. Fowler, 12 Ark. 218.

(*n*) McNutt v. Bland, 2 How. 17; U S. v. Pings, 4 Fed. Rep. 715; Dwight v. Merritt, 4 Fed. Rep. 616; citing Easton v. Hodges. 7 Biss. 324; Beardsley v. Littell, 14 Blatchf. 13.; U. S. v. Hutton, 25 Int. Rev. Rec. 57.

(*o*) Wear v. Mayer, 6 Fed. Rep. 660.

(*p*) Wilcox v. Hunt, 13 Pet. 378.