## ROBERT H. SILLDORFF

*v.*

## GEORGE TRAUTMAN AND EDUARDO ACHA.

San Juan. Law, No. 1297.

MALICIOUS PROSECUTION.

**Malicious Prosecution—Necessary Averments.**

1. The vital elements of a suit for malicious prosecution are the fact of prosecution, that the defendant was prosecutor, that it terminated in plaintiff's acquittal, that the charge was false and without probable cause, and that defendant was actuated by malice.

**Malicious Prosecution—Practice in Porto Rico.**

2. A suit may be maintained in Porto Rico for malicious prosecution and a suit may be maintained for false imprisonment, and both may be joined as separate counts in one suit, but they do not together constitute one cause of action.

Silldorff v. Trautman.

Demurrer—Federal Practice.
    3. Under Rev. Stat. § 954, a demurrer must set out the ground
    therefor; but this does not apply where a serious defect clearly
    appears in the complaint.

Opinion filed January 19, 1920.

*Mr. H. G. Molina* for plaintiff.

*Messrs. Chas. Hartzell* and *J. R. F. Savage* for defendants.

HAMILTON, Judge, delivered the following opinion:

The complaint in this case was filed April 9, 1919, and, after statements as to citizenship, alleges that on February 18, 1919, the defendants maliciously and without probable cause charged the plaintiff to the district attorney at Ponce with having falsely acted as agent for certain parties in a contract with defendants and under it obtained from defendants $50,000 worth of manganese ore, and thereupon procured the district attorney to present a criminal accusation for felony, and to issue a warrant to the chief of the insular police, upon which the plaintiff was arrested and kept in custody. That about May 3 the district attorney became convinced that the accusation was unfounded and procured its dismissal, whereupon the plaintiff was discharged and his bond canceled. The suit at bar is for $25,000 damages for such arrest and malicious prosecution.

1. The ground of demurrer secondly set up alleges that the complaint does not show that the district attorney had jurisdiction, that the plaintiff was finally acquitted, that sworn com-

plaint was made by the defendants, or that the district attorney acted upon their sworn testimony. The last defects would not seem to be serious, for it is not shown to be necessary to plead these different steps in procedure in a case where the court had jurisdiction. The vital elements of a suit for malicious prosecution are the fact of prosecution, that the defendant was the prosecutor or instigated its commencement, that it terminated in plaintiff's acquittal, that the charge was false and without probable cause, and that the defendant was actuated by malice. If the plaintiff fails in any of these particulars the defendant has no occasion to offer evidence in his defense. Wheeler v. Nesbitt, 24 How. 544, 549, 16 L. ed. 765, 768.

These different facts are all alleged in the complaint except as to the alleged prosecution itself. It is not stated in what court this was had, for it is not to be presumed that a district attorney in Porto Rico himself holds a court. The demurrer must, therefore, be sustained.

2. As the complaint will, therefore, have to be amended, it may be well to call attention to the fact that it is not clear, and therefore the issue cannot be satisfactory, as to what the suit in question is for. It seems to be for malicious prosecution, but the paragraph seeking relief alleges that the plaintiff was inconvenienced in consequence of the arrest and custody, and his business standing affected through the malicious prosecution, "by all of which the plaintiff has been damaged in the sum of $25,000," that is to say, the damage complained of is for both the arrest and the prosecution. A suit may be maintained in Porto Rico for malicious prosecution. Casalduc v. Transatlantic F. Ins. Co. 1 Porto Rico Fed. Rep. 189; Bayron v. Vadi, 8 Porto Rico Fed. Rep. 140; C. Merced & Co. v.

Silldorff v. Trautman.

Villamil, 8 Porto Rico Fed. Rep. 330. And a suit may be maintained also for false imprisonment. Stevens v. Nater, 4 Porto Rico Fed. Rep. 158. Either constitutes a good cause of action, and both may be joined as separate counts in one suit. Castro v. De Uriarte, 12 Fed. 250. They do not, however, together constitute one cause of action, and allegations of the one cannot be used to help out allegations as to the other.

3. This court has adopted the rule that a demurrer cannot be considered unless, under Rev. Stat. § 954, Comp. Stat. § 1591, 6 Fed. Stat. Anno. 2d ed. p. 98; it sets out the ground of demurrer, and the first ground of demurrer stated is merely a general statement of this indefinite character. The practice mentioned, however, does not apply where a serious defect clearly appears upon the face of the complaint itself. In such case the court may take cognizance of the defect so as to expedite the case and bring it to a proper issue.

It follows that the demurrer to the complaint must be sustained.

It is so ordered.