## J. W. GRADY COMPANY *vs.* LEANDER F. HERRICK & others, executors.

Worcester.     September 24, 1934. — November 7, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Landlord and Tenant,* Tenancy at will, Covenant limiting landlord's liability for negligence. *Negligence,* Contractual limitation of liability. *Practice, Civil,* Auditor: trial on report only; Findings by judge. *Corporation,* Officers and agents. *Contract,* Consideration. *Evidence,* Presumptions and burden of proof.

An oral agreement between a tenant at will in a mercantile building and his landlord, that the tenant will "save the landlord harmless from all loss or damage occasioned by the use, misuse or abuse of the water, or the bursting of pipes," that "all merchandise, furniture and property of any kind, which may be on the premises during the continuance of" the tenancy shall "be at the sole risk and hazard of the" tenant, "and that if the whole or any part of such property shall be destroyed by water or otherwise, or by use or abuse of the water, or by the leaking or bursting of water pipes, or in any other way or manner, no part of said loss or damage is to be charged to or be borne by the" landlord "in any case whatever," is not illegal nor void as against public policy, nor unenforceable because oral.

An action of tort by a corporation, a tenant at will in a mercantile building, against its landlord for damages resulting from negligence of the defendant causing the bursting of a water pipe on the premises let, was referred to an auditor under a rule which did not provide that his findings of fact should be final, and afterwards was heard by a judge without a jury upon the auditor's report as the only evidence. The auditor did not report all nor any substantial portion of the evidence.

He found in substance that the defendant made a lease of a portion of the same building to another corporation with a clause exempting him from liability for damages resulting from the bursting of water pipes; that one who was "interested" in that corporation and was president and treasurer of the plaintiff then agreed orally with the defendant that the plaintiff would "close up on the same basis," stating that the plaintiff and the other corporation "are both acting together, as it is the same money that is running both concerns." No lease in writing was made to the plaintiff. The auditor stated that from "all the evidence and the" findings above described "I infer and find that the terms and conditions of the plaintiff's tenancy at will were similar to those set out in" the lease to the other corporation as to the exemption from liability, and concluded that the plaintiff was barred from recovery. The trial judge merely denied a motion by the defendant for judgment in his favor and allowed a motion by the plaintiff for judgment in its favor. On exceptions by the defendant, it was *held*, that

(1) The report of the auditor was *prima facie* evidence upon subsidiary facts found therein;

(2) Although the action of the trial judge imported the drawing of all rational inferences in favor of the plaintiff from subsidiary facts found by the auditor and should not be reversed if upon any view based thereon it could be sustained, an inference, that the officer of the plaintiff who made the oral agreement with the defendant was not authorized so to do, was not warranted merely from the fact that the auditor found that he was president and treasurer of the plaintiff without further specification of his duties or an affirmative finding as to his authority; nor was an inference, that the oral promise of the officer that the plaintiff would "close up on the same basis" was without consideration because it was not accepted, warranted merely from the absence of finding by the auditor that the promise was accepted;

(3) Nothing in the auditor's report warranted an inference different from that drawn by him or controlled his ultimate finding;

(4) The exceptions must be sustained and judgment entered for the defendant.


TORT, originally against William J. Woods. Writ dated February 24, 1928.

In the Superior Court, the action was referred to an auditor and, after the filing of his report, was heard by *Dillon*, J., without a jury, upon the report as the only evidence. Material findings by the auditor are stated in the opinion. The judge denied a motion by the defendant for judgment in his favor and allowed a motion by the plaintiff for judgment in its favor in the sum of $5,000. The defendant alleged exceptions.

After the allowance of the exceptions, the defendant died and the executors of his will were admitted to defend the action in behalf of his estate.

*M. C. Jaquith*, for the defendants.

*S. B. Milton*, for the plaintiff.

PIERCE, J.   This is an action of tort in which the plaintiff alleges injury to property sustained by it while a tenant of the original defendant (who will hereinafter be called the defendant), and due to a break in the water pipes on the premises by reason of the defendant's negligence.   Upon the filing of an answer by the defendant, which was a general denial, the case was referred to an auditor under a rule providing that the auditor should "hear the parties, examine their vouchers and evidence, state accounts, find the facts, and report his findings to the court, together with such questions of law, arising in the course of his duty, as any party may request."   There is no provision that the auditor's findings of fact shall be final.   The bill of exceptions states that the pleadings may be referred to.

Upon the filing of the auditor's report each party moved for judgment under Rule 88 of the Superior Court (1932) and at the trial before a judge of the Superior Court, without a jury, upon the auditor's report only, the judge denied the defendant's motion for judgment, allowed the plaintiff's motion and ordered judgment for the plaintiff in the sum of $5,000.   The case is before this court on the defendant's exception to the ruling of the judge "dismissing the defendant's motion that judgment be entered for the defendant on the auditor's report," and to the ruling "allowing the plaintiff's motion that judgment be entered for the plaintiff on the auditor's report."

The material facts found by the auditor are in substance as follows:  On April 20, 1923, the defendant purchased from the Worcester Paper Box Company real estate situated at the corner of Austin and High streets in the city of Worcester. An old wooden building was located on this land with three floors on the High Street side and, on account of the contour of the land, four floors on the Austin Street side.   At that time there were several tenants in the building, in-

cluding the plaintiff, the Worcester Paper Box Company and the Worcester Electric Supply Co., and these corporations continued as tenants at will after the sale. On February 18, 1924, the Worcester Electric Supply Co. executed a written lease with the defendant for a term of years. This lease contained an agreement by the lessee "to save the lessor harmless from all loss or damage occasioned by the use, misuse or abuse of the water, or the bursting of pipes"; it had the further provision: "And it is also hereby understood and expressly agreed by the parties to this Indenture, that all merchandise, furniture and property of any kind, which may be on the premises during the continuance of this Lease, are to be at the sole risk and hazard of the Lessee, and that if the whole or any part thereof shall be destroyed or damaged by fire, water or otherwise, or by the use or abuse of the water, or by the leaking or bursting of water pipes, or in any other way or manner, no part of said loss or damage is to be charged to or be borne by the Lessor in any case whatever."

When the premises were sold to the defendant, one James W. Grady was president of the Worcester Paper Box Company, was president and treasurer of the plaintiff corporation, the J. W. Grady Company, and was also "interested" in the Worcester Electric Supply Co. At the time of the execution of the lease to the Worcester Electric Supply Co., Grady agreed with the defendant that the J. W. Grady Company would "close up on the same basis" as stated in the written lease, Grady stating to the defendant (referring to the plaintiff and the Worcester Electric Supply Co.), "we are both acting together, as it is the same money that is running both concerns." No written lease was then executed between the plaintiff and the defendant for the reason that it had not then been determined how much space the plaintiff would occupy, but the rental per square foot was to be the same for both corporations and the plaintiff continued to occupy space in the building as a tenant at will.

On January 9, 1927, the building was flooded with water inside by the freezing and bursting of a cast iron coupling

which constituted a part of the building's sprinkler system and was wholly within the control of the defendant. Since no contention is made that the defendant's negligence was not established, nor that such negligence did not entail liability apart from the above quoted provision in the lease given the Worcester Electric Supply Co., no purpose will be served by describing in detail the findings on this point. The auditor stated in his report: "From all the evidence and the foregoing findings of fact I infer and find that the terms and conditions of the plaintiff's tenancy at will were similar to those set out in said lease to the Worcester Electric Supply Co. with the exceptions of the amount of space occupied, the total amount of rental to be paid and the period of time covered by the tenancy." He concluded that the plaintiff was barred from recovery by the exculpatory provision in the written lease, but, if his view of the law was erroneous, that the plaintiff's merchandise was damaged to the extent of $5,000.

The report of the auditor is *prima facie* evidence upon such matters as are embraced in the order of reference. G. L. (Ter. Ed.) c. 221, § 56. It is, however, no more than evidence, and when the case is tried on the report alone it is open to the trial judge to draw different conclusions from those of the auditor, provided the facts stated in the report so warrant. *Zarthar* v. *Saliba*, 282 Mass. 558, 562. *Ballou* v. *Fitzpatrick*, 283 Mass. 336, 338. *Bianco* v. *Ashley*, 284 Mass. 20, 25. *Dome Realty Co.* v. *Gould*, 285 Mass. 294, 298. A general finding of the trial judge imports the drawing of all rational inferences of which the case is susceptible, and will not be reversed if upon any view it can be sustained. *Standard Oil Co. of New York* v. *Malaguti*, 269 Mass. 126, 129. In so far as the theory of the trial judge may have proceeded on the assumption that the exculpatory provision, even though adopted by the plaintiff, would not absolve the defendant from liability, either because it was illegal and void as against public policy or unenforceable because oral, the finding in favor of the plaintiff was insupportable. Such provisions are valid and given full effect in this Commonwealth although their effect is to absolve one

from liability for his negligent acts. *Smith* v. *Faxon*, 156 Mass. 589. *Henry H. Tuttle Co.* v. *Phipps*, 219 Mass. 474. A parol lease for a term creates only a tenancy at will, but, apart from any provision concerned with the length of the term, the agreement is binding on both parties according to its conditions. *Flanagan* v. *Welch*, 220 Mass. 186, 189. *Fiorntino* v. *Mason*, 233 Mass. 451. *Crowe* v. *Bixby*, 237 Mass. 249.

The main question argued by the parties is whether or not the finding of the trial judge can be sustained on the issue, whether any agreement was entered into by the parties.

The plaintiff contends that if on any reasonable probability it can be found that no contract to save the defendant harmless from loss or damage from escaping water was entered into by the plaintiff, the ruling of the trial judge should be sustained. In support of this contention it argues that the judge could reasonably infer that Grady had neither actual nor apparent authority to bind the plaintiff to the terms of the lease executed by the Worcester Electric Supply Co., and that the act of Grady was not ratified nor accepted by the plaintiff after Grady agreed with the defendant that the J. W. Grady Company would " 'close up on the same basis' as stated in said written lease"; and that the quoted words were an unaccepted offer and therefore without legal force because without consideration. *Sandler* v. *Green*, 287 Mass. 404, 408–409. These arguments are predicated on the contention that the auditor's report discloses total absence of evidentiary facts or of specific findings on the above points, and that the facts reported are insufficient to warrant the conclusion drawn by the auditor that an agreement was entered into.

In behalf of the defendant it is contended that the finding is a finding of fact "because it is based upon 'all the evidence' before the auditor and it does not appear that all the evidence so presented is contained in the auditor's report"; that in these circumstances a finding by an auditor or master on a material issue of fact upon all the evidence in the case is

binding, *Morrell* v. *Kelley,* 157 Mass. 126; *Adams* v. *Hayden,* 236 Mass. 454, 457; *Simpkins* v. *Old Colony Trust Co.* 254 Mass. 576, 580, 583; *Sousa* v. *Manta,* 267 Mass. 246, 249; and that the question of what were "the terms and conditions" of the plaintiff's tenancy at will was an issue of fact upon which the auditor might properly make a finding of fact upon all the evidence. *Miles* v. *Janvrin,* 200 Mass. 514. *Crowe* v. *Bixby,* 237 Mass. 249.

The report does not purport to set forth all or any substantial portion of the evidence or subsidiary facts or findings from which the auditor inferred and found that the plaintiff had adopted the exculpatory clause. If the plaintiff desired to test the conclusions of the auditor by comparison with the evidence or further subsidiary findings, proper procedure would have been to file a motion to recommit the report with instructions. The disposition of such motion would have rested in sound judicial discretion. In the absence of a report of the evidence the general finding of the auditor must stand. *Tobin* v. *Kells,* 207 Mass. 304, 309–310. *Wakefield* v. *American Surety Co. of New York,* 209 Mass. 173, 176. The plaintiff's contention that the report justifies a finding that Grady had no actual or apparent authority to bind the plaintiff is unsound, since the only fact stated is that Grady was president and treasurer of the plaintiff corporation. These facts do not indicate any lack of authority in Grady, and such lack of authority cannot be inferred from the fact that the auditor failed to make an affirmative finding that Grady had such authority. This is true even though it be admitted that Grady by virtue of his office alone might not be authorized to bind the corporation. The same reasoning is applicable to the plaintiff's argument of lack of ratification by the plaintiff. *North Anson Lumber Co.* v. *Smith,* 209 Mass. 333. If all the circumstances are not presented by the report the trial judge cannot draw an inference from that fact alone that no contract existed.

The plaintiff's argument as to lack of consideration is predicated on the absence of facts showing any acceptance of Grady's offer, so that the plaintiff received nothing in

return for his promise. That argument is open to the objections raised above to its other contentions.

It follows that the plaintiff cannot prevail since there are no facts stated in the report which, apart from any lack of subsidiary findings, control the auditor's subsequent findings or warrant an inference different therefrom. *Federal National Bank of Boston* v. *Commonwealth*, 282 Mass. 442, 448.

*Exceptions sustained.*
*Judgment for the defendant.*