FRANCES ROSENBLUM, administratrix, *vs.* ABRAHAM GINIS & another.

Worcester. November 12, 1936, January 28, 1937. — June 28, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Practice, Civil*, Auditor: findings, trial on report only; Findings by judge; Service of process; Death of party; Judgment nunc pro tunc. *Malicious Prosecution.*

A general finding by an auditor not purporting to be based solely on subsidiary facts stated in his report imports the finding of all subsidiary facts necessary to support it.

A conclusion by an auditor whose findings were not to be final, if not inconsistent with his subsidiary findings, is evidence warranting a finding to the same effect by judge or jury.

A finding by judge or jury hearing an action upon the report of an auditor whose findings were not to be final, if made by permissible inference from the auditor's report, is final.

An action for malicious prosecution lies for abuse of civil process.

A court acquired no jurisdiction over a person by an unauthorized attorney's purporting to accept service of process in his behalf.

A judgment, later reversed, against a defendant, based upon acceptance of service of the writ by an unauthorized attorney, was not conclusive evidence that the plaintiff had probable cause to bring the action, and did not bar a later action for malicious prosecution by the defendant against the plaintiff.

The rescript of this court overruling the defendant's exceptions presented after a finding in favor of the plaintiff in an action for malicious prosecution, where the plaintiff died pending the hearing on the exceptions, ordered judgment to be entered *nunc pro tunc* for the plaintiff's administrator as of a day between the allowance of the exceptions and the plaintiff's death.

TORT, originally by Benjamin Rosenblum. Writ in the Superior Court dated May 20, 1933.

The action was referred to an auditor. The entire findings by the auditor upon all issues in the case are quoted in the opinion. The action was heard on the auditor's report, without a jury, by *Whiting*, J. No other evidence was introduced. There was a finding for the plaintiff in the sum of $1,000. The defendants alleged exceptions and appealed.

*L. K. Nathanson*, for the defendants.

*C. N. Dewey*, for the plaintiff.

RUGG, C.J. The plaintiff seeks in this action of tort to recover compensation for damages sustained by her intestate as the result of a civil action brought by the defendants against him on April 13, 1932. The case was referred to an auditor, who made a report in favor of the plaintiff's intestate and assessed damages in the sum of $1,000. The exceptions state that the defendants filed a motion that judgment be entered for the defendants on the report of the auditor. It does not appear that any evidence other than the report of the auditor was submitted to the trial judge. The trial judge found for the plaintiff's intestate on the report and assessed damages in the sum of $1,000,

subject to exception by the defendants. The defendants also appealed from that action by the trial judge.

The findings of the auditor were these: "This is an action brought for malicious prosecution. Five years before the bringing of the action, the plaintiff had been in partnership in business with his two brothers, but severed his business connections with them. After the dissolution of the partnership, the plaintiff's brothers incurred a debt with the defendant[s] without the knowledge of the plaintiff. Later, a claim in the form of a statement was presented to the plaintiff for payment of the above debt. The plaintiff immediately upon the receipt of the statement informed the defendant[s] that he was not involved in any way with his brothers, and that he had not been a partner with them for several years; also telling the defendant[s] just who the plaintiff was and what his business was. Later, suit was brought against the plaintiff and his two brothers on the debt, and judgment obtained. Service had been accepted on the writ in the suit above mentioned, by an attorney who had not been authorized to accept service for this plaintiff, though he had been so authorized by the two brothers of the plaintiff. The plaintiff had no knowledge of the suit or judgment against him, until he was cited into the poor debtor court on supplementary proceedings. Upon his becoming cognizant of the fact that poor debtor proceedings had been brought against him, the plaintiff engaged counsel, and the judgment, execution and supplementary process, or poor debtor proceedings, were discharged as to this plaintiff. When supplementary process proceedings were commenced against the plaintiff, notice thereof was published in trade journals covering the trade in which the plaintiff was then engaged. The result of the publication was that many of the creditors of the plaintiff made demands for immediate payment of the obligations due them, and the plaintiff was unable to meet all of the demands. Ultimately, the plaintiff was forced into bankruptcy by involuntary petition. The plaintiff estimated his loss to be $4,500, but I find in favor of the plaintiff in the sum of $1,000."

The defendants filed a motion that the auditor's report be set aside and that the cause be recommitted. Among other grounds it was alleged in support of that motion that there was no finding that the action was brought by the defendants with malice or without probable cause. This motion was denied after hearing, but no exception was saved to that disposition. That motion was addressed solely to the discretion of the trial judge. *Tobin* v. *Kells*, 207 Mass. 304. It is to be observed that the report of the auditor contains a general finding for the plaintiff. That report does not recite or summarize the evidence; it is in substance a naked summary of the facts found. *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320, 329. The general finding for the plaintiff in these circumstances imported a finding of all the subsidiary facts essential to that conclusion. *Bendslev* v. *Lovell*, 235 Mass. 133, 135. In the absence of a report of the evidence, the general finding of the auditor must stand. *J. W. Grady Co.* v. *Herrick*, 288 Mass. 304, 310. *Tobin* v. *Kells*, 207 Mass. 304.

When a case is submitted by the parties to the trial judge upon the report of the auditor alone, "all inferences of fact which could reasonably be drawn from the evidence in favor of the general conclusion of the auditor, will be presumed to have been so drawn by him." *Peru Steel & Iron Co.* v. *Whipple File & Steel Manuf. Co.* 109 Mass. 464, 466. This general finding was *prima facie* evidence warranting an ultimate finding in favor of the plaintiff unless necessarily inconsistent with other findings in the report. *Newell* v. *Chesley*, 122 Mass. 522, 524. *Fisher* v. *Doe*, 204 Mass. 34, 40. *Ballou* v. *Willey*, 180 Mass. 562, 568. G. L. (Ter. Ed.) c. 221, § 56. Its quality as such evidence is not affected by the fact that it is not supported by subsidiary findings (unless purporting to rest upon such findings), since the general finding imports findings of subsidiary facts essential to the conclusion; "it is enough if they do not contradict it." *Robinson* v. *Hooker*, 174 Mass. 490, 491. *Carroll* v. *Carroll*, 188 Mass. 558, 559. *Brooks* v. *Davis*, 294 Mass. 236, 238. *J. W. Grady Co.* v. *Herrick*, 288 Mass. 304, 310. It follows that absence of subsidiary findings does not dis-

credit the auditor's report. The general finding of the trial judge for the plaintiff after a hearing upon the report of the auditor as evidence imports the drawing of all permissible inferences of which the case is susceptible. It will not be reversed if it can be supported on all such inferences. *Wakefield* v. *American Surety Co.* 209 Mass. 173, 176. *Standard Oil Co. of New York* v. *Malaguti,* 269 Mass. 126, 129. *Ballou* v. *Fitzpatrick,* 283 Mass. 336, 339. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143.

The action for malicious prosecution lies for abuse of civil as well as criminal process. There are instances in our decisions of such actions based on civil proceedings. *Watkins* v. *Baird,* 6 Mass. 506, and *Everett* v. *Henderson,* 146 Mass. 89, were cases based on arrest of the plaintiff in a civil action. In *Stone* v. *Swift,* 4 Pick. 389, 393, and *Pierce* v. *Thompson,* 6 Pick. 193, the original civil proceeding involved the attachment of property. *Lindsay* v. *Larned,* 17 Mass. 190. *Malone* v. *Belcher,* 216 Mass. 209. *Shaw* v. *Fulton,* 266 Mass. 189, 191. In order to prevail in such an action, the plaintiff has the burden of proving that the original action was brought maliciously and without probable cause, and has been terminated in favor of the plaintiff. *White* v. *Dingley,* 4 Mass. 433, 435. *Stone* v. *Crocker,* 24 Pick. 81, 83. *Ellis* v. *Simonds,* 168 Mass. 316, 325. *Bannon* v. *Auger,* 262 Mass. 427. There are no specific findings in the report of the auditor touching these precise points. But there is nothing to show that the essential facts did not exist. The rules already stated as to the weight to be attributed to an auditor's report are sufficient to support the finding in favor of the plaintiff.

It has been held that an action of this nature, based upon a criminal prosecution before a court without jurisdiction to try the offence charged, cannot be maintained. *Bixby* v. *Brundige,* 2 Gray, 129. See, also, *Whitney* v. *Peckham,* 15 Mass. 243; *Cloon* v. *Gerry,* 13 Gray, 201, 202; *Cardival* v. *Smith,* 109 Mass. 158; *Whiting* v. *Johnson,* 6 Gray, 246, 247; *Gibbs* v. *Ames,* 119 Mass. 60, 65, 66. In the case at bar it appears in the auditor's report that service of process in the original action was accepted by an attorney who was

without authority in that respect although purporting to act for the plaintiff. By reason of that fact the court acquired no jurisdiction over the plaintiff in that action. *Hanzes* v. *Flavio*, 234 Mass. 320, 327. *Cochrane* v. *Forbes*, 265 Mass. 249, 256. It does not appear that there was lack of jurisdiction in the court over that cause of action. Such defective service does not require that the auditor's report be overturned. Since that court did not have jurisdiction over the person of the plaintiff, its judgment against him as defendant in that action was not conclusive evidence of probable cause. The rule of *Cloon* v. *Gerry*, 13 Gray, 201, is not applicable to these circumstances.

It follows that there are no facts set out in the present record inconsistent with the· findings of the auditor and of the court.

The case was argued at the bar of this court on November 12, 1936. Of course, the finding in favor of the plaintiff had been made long before that date and the case was delayed simply for consideration of the questions of law raised. There was allowed in the Superior Court on December 22, 1936, a motion by Frances Rosenblum setting forth that the original plaintiff· died on November 30, 1936, that she had been duly appointed administratrix of his estate, and praying that she as such administratrix might be substituted as plaintiff. Copy of that motion and its allowance has been filed with the papers in this case. The defendants contend that judgment cannot be entered in favor of the present plaintiff as administratrix because under G. L. (Ter. Ed.) c. 228, § 1, an action for malicious prosecution does not survive and that therefore the case must be dismissed. *Nettleton* v. *Dinehart*, 5 Cush. 543. *Conly* v. *Conly*, 121 Mass. 550. The principle of law governing a case like the present is different from that established by the two decisions last cited, although their soundness is not to be doubted on the facts there appearing. As matter of practice at common law, as well as under G. L. (Ter. Ed.) c. 235, § 4, judgment will be entered on the finding or verdict, where the material facts are settled in any way recognized as proper by the law during the lives of the parties, as of a preceding

day, whenever an action or suit has been continued or postponed for the purpose of obtaining a decision of questions of law and the intervening death of a party would otherwise affect the rights of parties. *Currier* v. *Lowell,* 16 Pick. 170, 173. *Springfield* v. *Worcester,* 2 Cush. 52, 62. *Kelley* v. *Riley,* 106 Mass. 339, 341. *Tapley* v. *Martin,* 116 Mass. 275. *Wilkins* v. *Wainwright,* 173 Mass. 212, 214. *Perkins* v. *Perkins,* 225 Mass. 392, 396. *Fenelon* v. *Fenelon,* 244 Mass. 14, 16. *DeMarco* v. *Pease,* 253 Mass. 499, 505. *McGrath* v. *C. T. Sherer Co.* 291 Mass. 35, 61. *Barnes* v. *Barnes,* 291 Mass. 383, 386.

The final judgment in favor of the present plaintiff as administratrix may be entered *nunc pro tunc* as of some appropriate date after the allowance of the exceptions and before the death of Benjamin Rosenblum. Exceptions overruled. Appeal dismissed.

*So ordered.*