BURTON C. MacLEAN *vs.* LOUIS L. NEIPRIS.

Worcester.    September 25, 1939. — October 27, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence*, Motor vehicle, Violation of law.

Findings by an auditor that an employee, although he knew that the brakes were defective on a motor truck which it was his duty to operate for his employer, permitted an unlicensed operator to operate the truck while beside him, warranted an inference that the employee was guilty of a violation of § 9 of G. L. (Ter. Ed.) c. 90 which barred an action by him against his employer for personal injuries caused by such defective brakes while being so operated.

TORT. Writ in the Central District Court of Worcester dated April 30, 1937.

The declaration was in two counts, the first at common law with allegations that the plaintiff was an employee of the defendant, who was not insured under the workmen's compensation act, and that in the course of his employment he sustained injuries by reason of negligence of the defendant. The second count was under the employers' liability act.

On removal to the Superior Court, the action was heard by *Leary*, J. An auditor's report was the only evidence.

*E. J. McCabe*, for the plaintiff.

*C. C. Milton*, (*R. C. Milton* with him,) for the defendant.

RONAN, J. The plaintiff seeks to recover against his employer for personal injuries sustained when the truck, owned by the employer and in which the plaintiff was riding, collided with the rear of a truck that had stopped upon the highway. The case was referred to an auditor whose findings were not to be final. It was heard in the Superior Court upon the report, and the judge, having found the facts as set forth in the report, denied, subject to exceptions, certain requests of the plaintiff for rulings, and ordered judgment for the defendant.

The defendant, who was not insured under the workmen's compensation act, was engaged in the scrap leather, junk and trucking business, and the principal duty of the plaintiff, who had been employed by him for several years, was the operation of the trucks. One Chapolonis had been employed at times by the defendant as a helper, but he was not so employed on the day of the accident. On that day, before the truck left the defendant's yard, Chapolonis, unknown to the defendant, got into the cab and accompanied the plaintiff upon the trip in question. After driving several miles the plaintiff told Chapolonis that he was tired and asked him if he wanted to drive. Chapolonis was willing and he and the plaintiff exchanged places in the cab. The plaintiff knew that Chapolonis was not licensed to operate motor vehicles. Chapolonis thereafter operated the truck at approximately twenty-five miles an hour. Another truck fifty feet ahead of him abruptly stopped; Chapolonis applied the foot brake, turned to the left, and struck the stationary truck. The plaintiff was injured.

The auditor found upon all the evidence and upon findings recited in his report that the accident was caused by the combined negligence of the operator of the other truck, the lack of experience and negligence of Chapolonis, and the faulty conditions of the brakes on the defendant's truck. He also found that Chapolonis was not an employee of the defendant; that the defendant knew or should have known of the faulty condition of the brakes of his truck; and that the plaintiff, who had been operating this truck for three weeks before the accident, actually knew the defective condition of the brakes. He further found that the plaintiff, by permitting Chapolonis to operate the truck without warning him of the condition of the brakes, was contributorily negligent.

The facts found by the auditor were accepted as true by the judge, and he was entitled to draw from the facts contained in the report all reasonable inferences of which those facts were susceptible in favor of the party for whom he ordered judgment. The drawing of such inferences is a question of fact, and in actions of law the decision of the

trial judge is not to be reversed if there is any evidence to support it. *Standard Oil Co. of New York* v. *Malaguti*, 269 Mass. 126. *Ballou* v. *Fitzpatrick*, 283 Mass. 336. *Bianco* v. *Ashley*, 284 Mass. 20. *J. W. Grady Co.* v. *Herrick*, 288 Mass. 304. *Brooks* v. *Davis*, 294 Mass. 236. *Rosenblum* v. *Ginis*, 297 Mass. 493. *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 109.

The defendant had alleged in the answer that the plaintiff was guilty of contributory negligence; and the findings of the auditor, which we have already summarized, were addressed to this issue. But that answer, while sufficient to permit the introduction of evidence of illegal conduct upon the part of the plaintiff as bearing upon his lack of due care, *MacDonald* v. *Boston Elevated Railway*, 262 Mass. 475; *MacInnis* v. *Morrissey*, 298 Mass. 505, did not permit the consideration of the evidence in any aspect, irrespective of negligence. *Newcomb* v. *Boston Protective Department*, 146 Mass. 596. *Baggs* v. *Hirschfield*, 293 Mass. 1. After the filing of the auditor's report the defendant amended his answer by setting up that the plaintiff was barred from recovery on account of his violation of law. The finding for the defendant imports a specific finding that the plaintiff's violation of law helped to cause his injury, *Adams* v. *Dick*, 226 Mass. 46; *Nicoli* v. *Berglund*, 293 Mass. 426, and the question is, whether such a specific finding can be supported by the facts recited in the report. *Bianco* v. *Ashley*, 284 Mass. 20. *Scott* v. *Lieberman*, 284 Mass. 325.

The findings of the auditor show that the plaintiff requested and permitted Chapolonis, who he knew was not licensed to operate the truck, and who lacked experience, to operate it. The operation of a truck with brakes that were not in good working order constituted a violation of G. L. (Ter. Ed.) c. 90, § 9, upon the part of Chapolonis and also upon the part of the plaintiff, who, as custodian of the truck, permitted it to be operated upon a public way. The plaintiff would also be chargeable for Chapolonis's violation of § 9 because, by G. L. (Ter. Ed.) c. 90, § 10, the plaintiff was responsible for any violation of said c. 90 by an unlicensed operator whom he permitted to drive the

truck. These statutes were enacted for the safety of the public, and the Legislature, for the purpose of avoiding accidents with their resulting damage to life and property, prohibited the use upon the highways of automobiles that were not equipped with brakes in good working order. *Isaacson* v. *Boston, Worcester & New York Street Railway,* 278 Mass. 378. *Foley* v. *John H. Bates Inc.* 295 Mass. 557.

The judge was warranted in reaching the conclusion that such violations of the criminal law by the plaintiff were the direct contributory cause of his injury. Such conduct bars recovery. *Bourne* v. *Whitman,* 209 Mass. 155. *Farr* v. *Whitney,* 260 Mass. 193, 196. *Jones* v. *New York, New Haven & Hartford Railroad,* 275 Mass. 139. *Patrican* v. *Garvey,* 287 Mass. 62. *Follansbee* v. *Ohse,* 293 Mass. 48.

The plaintiff was not entitled to prevail upon the facts found and there was no error of law in the denial of his requests.

*Order for judgment affirmed.*