*Municipal Court of the City of Boston*

No. 326076

# MARTHA GOLDBERG

v.

# EDWARD R. MEDNICOV and FANNIE MEDNICOV

(October 30, 1952)

*BARRON, J.* This is an action of contract to recover $500.00 paid on February 19, 1951 by the plaintiff to the defendant, in the form of a cashier's check, under a written agreement for the sale of real estate signed on Sunday, February 18, 1951. A finding was made for the defendant.

There was evidence to the following effect: The defendants, owners of land and a two-family dwelling thereon, listed the property for sale with a brokerage firm which showed the property to the plaintiff a few times. On Sunday, February 18, 1951, the plaintiff, her husband, and both defendants signed a "Purchase and Sales Agreement," then prepared at the office of the broker, which agreement provided that the defendants were to "give a quitclaim deed and convey a marketable title encumbered only as herein stated" and that "Encumbrances not to remain on transfer may be discharged simultaneously with payment of purchase price." The only encumbrances stated in the agreement were "TENANTS, AS IS first floor to be vacated within thirty days

of passing papers, second floor paying $71.80 per month tenant at will, basement unit paying $36.00 per month tenant at will." Prior to the signing of said agreement, the defendants stated to the plaintiff that there was no ceiling rental on the first floor apartment occupied by the defendants. Mrs. Mednicov, testified that she thought the first floor apartment was decontrolled and had no ceiling because it had always been occupied by them. On Monday, February 19, 1951, the plaintiff obtained a cashier's check for $500.00, payable to the plaintiff, which she endorsed and delivered to the broker's office, who gave it to the defendants.

The records of the Housing Expediter showed that the first floor apartment, occupied by the defendants had a rental ceiling thereon of $65.00 per month. The records of the Norfolk County Registry of Deeds showed that the real estate of the defendants in Norfolk County were attached on March 20, 1951, in the amount of $2,000.00. This attachment remained of record until May 9, 1951, when it was discharged.

The defendant, Mrs. Mednicov, further testified that she was at the Norfolk County Registry of Deeds on March 29, 1951, prepared with an executed deed to the plaintiff, and had made arrangements to pass papers in accordance with the agreement. The defendant's attorney sent the following letter to the plaintiff and to her attorney.

"March 22, 1951

Mrs. Martha Goldberg
15 Waumbeck Street
Roxbury, Massachusetts

Dear Madam:

This is to notify you that we, Edward R. Mednicov and Fannie Mednicov, are ready, willing and able to convey to you our real estate consisting of a two-family frame dwelling at and numbered 41-43 Lancaster Terrace, Brookline, Massachusetts, in accordance with our written agreement entered into on February 19, 1951, and that we will tender a deed of the aforementioned premises to you at the appointed time on March 29, 1951 at 1:00 p.m. at the Norfolk County Registry of Deeds,

Dedham, Massachusetts. In other words, we wish to advise you now that we are ready, willing and able to perform all the terms of the agreement which on our part we must perform to transfer to you the aforementioned real estate in accordance with our written agreement with you dated February 19, 1951.

Very truly yours,

Edward R. Mednicov and Fannie Mednicov

By their Attorneys,
Sykes & Sykes
By /a/ Benj. G. Sykes

cc: Max Rubin, Esq., 294 Washington St., Boston, Mass."

She also testified that the house to be sold was subject to a mortgage duly recorded at the Norfolk County Registry of Deeds, which was not discharged until she sold the property to a third person some time in May, 1951.

The plaintiff testified that she believed and relied upon the statements of the defendant, Mrs. Mednicov, that the ceiling rental on the second floor apartment was $71.80, and that the first floor apartment was decontrolled and had no ceiling rental; that in reliance thereon she signed said agreement; and that she intended to fulfill her part of said agreement until she was informed by her attorney that the representations as to the rents were not in accordance with the registrations and records at the Office of the Area Rent Control Division.

The plaintiff seasonably filed certain requests for rulings, of which the trial judge disposed as follows:

1. As matter of law, there must be a finding for the plaintiff. *No.*

2. As matter of law, the alleged "Purchase and Sales Agreement" entered into between the parties on Sunday, February 18, 1951, is illegal and void even though said instrument is dated February 19, 1951. *No. I find agreement was signed on Sunday but dated on Monday when deposit was actually paid and I further find parties did not intend to complete agreement until Monday.*

[69]

3. As matter of law, a contract made and signed on Sunday is illegal and void even though money is paid thereunder on a secular day. *Yes, provided both parties considered it completed on Sunday.*

4. As matter of law, a contract made on Sunday is illegal and void and cannot be adopted or ratified on a secular day. *Yes.*

5. As matter of law, property or money paid by the plaintiff to the defendant on a secular day under a contract made on a Sunday may be recovered by the plaintiff in an action of implied contract for money had and received. *Inapplicable. I find that the parties completed details of the agreement on Monday and dated it on Monday.*

6. As matter of law, an action for money had and received lies to recover money which should not in justice be retained by the defendants, and which in equity and good conscience should be paid to the plaintiff. *Yes.*

7. An action for money had and received lies to recover money paid by the plaintiff to the defendants under a contract which the defendants have not performed or unable to perform. *Yes.*

8. As matter of law, the existence of an attachment upon the property of the defendants in the Registry of Deeds for the district where the land is located, made on or about March 20, 1951, in an action against the defendants by one David Goldberg is an encumbrance upon the property of the defendants. *Immaterial. I find parties were ready and willing and able to deliver a deed free of encumbrances.*

9. As matter of law, the defendants could not perform or tender performance of their alleged contract to convey a marketable title free of encumbrances because of the existence of an attachment upon said property made on or about March 20, 1951, in an action against the defendants by one David Goldberg. *See No. 8.*

10. As matter of law, the defendants are not entitled to retain money paid to them by the plaintiff under an alleged contract procured by fraud of the defendants

[70]

practised upon the plaintiff. *I do not find any fraud was practised on the plaintiff.*

11. As matter of law, false representations made by the defendants to the plaintiff as to the ceiling rental upon one of the apartments in the house to be sold is sufficient fraud to invalidate the alleged contract at the option of the plaintiff. *I find the representations made by defendants as to the rentals were incorporated in agreement and were true.*

12. As matter of law, false representations made by the defendants to the plaintiff that one of the apartments in the house to be sold was not subject to any fixed rental ceiling under the Area Rent Control Act is sufficient fraud to invalidate the contract at the option of the plaintiff. *I find that the defendant stated "she did not think there was a ceiling on apartment occupied by her." I do not find that any wilful misrepresentations were made with respect to first floor. I find that there was a $65.00 rent ceiling on first floor apartment. I find that the defendants occupied this apartment since they bought house and had never rented it to strangers.*

The case is before us on the plaintiff's claim that she is aggrieved by the trial court's denial of requests Nos. 1, 2, 5, 8, 9, 10, 11 and 12, and by the findings of the court appended to his rulings on her requests numbered 2, 3, 5, 8, 10, 11 and 12.

The plaintiff contends that (1) the contract was made on Sunday and is void under G. L. (Ter. Ed.) ch. 136, sec. 5. (2) that the defendant was unable to deliver a deed free of encumbrances on March 29, 1951 as there was on record on that day an attachment of the property, and a mortgage on said property. (3) that the plaintiff was induced to sign the agreement by fraud. These are the principal issues raised by the plaintiff's requests.

The court found as a fact that the contract was not completed until Monday. This was a reasonable inference to draw from the evidence. The deposit of $500. was paid on Monday, February 19, not on Sunday. It is reasonable to assume that the defendant and plaintiff did not intend that the contract be considered as com-

[71]

pleted until the plaintiff made such payment. The wording of the agreement indicates clearly that the deposit was not to be made at some subsequent date to the completion of the agreement, but as a condition precedent or simultaneous with the execution of the agreement. This intent is revealed in the clause in the agreement: "Deposit — Receipt acknowledged $500.00"; also in the mathematical computation "Cash on Passing Papers $12,400.00", showing a deduction of $500.00 from "Total Price $12,900.00."

If the contract had been completed on Sunday, February 18, there would have been no acknowledgment in written agreement of receipt of $500.00, because no money was paid on Sunday.

It is reasonable to assume that the defendant did not intend to bind himself on the agreement to sell, nor did the plaintiff believe that the defendant bound himself on agreement to sell, until the plaintiff paid $500.00. This did not take place until Monday. On the contrary, if the plaintiff had not paid the $500.00 there would have been no enforceable contract. *Maher* v. *Haycock,* 301 Mass. 594.

In the absence of evidence that contract was delivered on a Sunday, it will be presumed that it was delivered on a secular day. *Banca Italiana Di Sconto* v. *Columbia Counter Co.,* 252 Mass. 552, 560.

Although the evidence indicated that there was on record on March 29, 1951, an attachment of the property, and also a mortgage, it does not necessarily follow that the defendant was unable to deliver a deed free of encumbrances on said date. The agreement specifically states that "Encumbrances not to remain on transfer may be discharged *simultaneously* with payment of purchase price." There was affirmative evidence by the defendant that she was at the Registry of Deeds on March 29, 1951 and had made arrangements to pass papers "in accordance with the agreement." This means "free of encumbrances." Moreover, in the letter from the defendant to the plaintiff on March 22, 1951, defendant stated that she was ready, willing and able to convey the property in accordance with the written agreement. The trial justice found as

a fact that this was so. The fact that the discharges of the attachment and of the mortgage were not made on March 29, 1951 does not mean that the defendant was not able, ready and willing to cause their discharge on March 29, 1951. The discharges could have been recorded simultaneously with the passing of papers through arrangements made with the mortgagee and attaching plaintiff, by payment of cash, giving of bond or through other agreement. *It is not necessary that the defendant give the details as to how she intended to carry out the terms of the agreement, in order to have the court believe her testimony.* It is sufficient that the court believed the testimony that she was ready and able to record discharges of the encumbrances on March 29, 1951. This was a question of fact. There was no credible evidence offered by the plaintiff to indicate that the defendant was unworthy of belief on this point.

The evidence and the reasonable inferences to be drawn therefrom support the judge's finding. The trial judge cannot properly be reversed if there is any evidence to support his finding of fact. *MacLean v. Neipris,* 304 Mass. 237, 238.

Whether the plaintiff was induced to sign the agreement by fraud as alleged by the plaintiff is in the first instance a question of fact. The court found as a fact in the disposition of ruling No. 10 that there was no fraud practised on the plaintiff. There was sufficient evidence from which such a finding could be made.

Although the written agreement specifically refers to the rentals of the basement unit and second floor unit, there is no reference to the amount of the rental of the first floor. The only reference to the first floor in the written agreement is that it is to be vacated within 30 days of passing papers.

There is evidence, as contended by the plaintiff, that prior to the signing of said agreement, the defendants stated to the plaintiff that there was no ceiling rental on the first floor apartment occupied by the defendant. This was not a correct statement. At the trial the defendant testified that she thought said apartment was decontrolled and had no ceiling because it had always been

occupied by her. In order that the plaintiff can recover on the basis of fraud there must not only be a false statement, even though made by defendant without knowledge of its falsity, but it must be established as a fact that the plaintiff, upon reliance upon said statement entered into the agreement. It is true that the plaintiff testified that she did rely upon said statement, but it was not incumbent upon the trial court to believe the plaintiff. Her appearance on the stand, the fact that there was no mention made in the agreement about the first floor being decontrolled, as assumed by the defendant, although the floors were discussed, warranted the judge in disbelieving the plaintiff, that she was induced to sign the agreement in reliance upon said statement. The trial judge was not obliged to believe the testimony in whole or in part even if undisputed.

> *Perry* v. *Hanover,* 314 Mass. 167, 170;
>
> *Lydon* v. *Boston Elevated Ry.,* 309 Mass. 205, 206.

The judge could easily draw the conclusion that whether the first floor was or was not decontrolled had no influence upon the plaintiff in entering into the agreement. There were so many other factors which influenced her in making the agreement. It is not unreasonable to assume that it was not through fraud that she entered into said agreement.

The court's special findings of fact in disposition of requests Nos. 5 and 8 rendered said requests immaterial.

> *Dellamano* v. *Francis,* 308 Mass. 502, 503;
>
> *Pemberton Sq. Operating Co.* v. *Lydon,* 292 Mass. 63, 66.

There is no error.

Report dismissed.

Max L. Rubin, for the plaintiff.

Sykes and Sykes, for the defendant.