MAX ROTH *vs.* RUBIN BROS., INC.
(and a companion case[1]).

Suffolk.   May 9, 1962. — June 26, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Negligence,* Waitress, Caterer.   *Practice, Civil,* Auditor: findings, report of evidence.

It is improper for an auditor to recite evidence in his report without an order of court.   [606]
Where an auditor whose findings were not to be final reported evidence without an order of court in such detail that it was reasonable to assume that the evidence reported was all the evidence before him, his conclusion "upon all the evidence" could not stand as evidence at the trial if

---

[1] The companion case is by Ida Roth & another against the same defendant.

the conclusion was not warranted by the reported evidence, even though the conclusion was not inconsistent with the subsidiary findings reported. [606–607]

Evidence in an action did not warrant a finding of negligence on the part of a caterer whose waitress fell down at a wedding dinner and spilled hot soup on a guest.    [607–608]

Two ACTIONS OF TORT. Writs in the Municipal Court of the City of Boston dated July 23, 1959, and August 2, 1960.

Upon removal to the Superior Court the actions were tried before *Good, J.*

*Robert M. Bonin* for the plaintiffs.

*Sturtevant Burr* (*Andrew F. Lane* with him) for the defendant.

SPALDING, J.  These are two actions of tort in which three plaintiffs are seeking to recover for injuries alleged to have been caused by the negligence of the defendant's employee. In one of the actions Max Roth is the plaintiff; in the other, the plaintiffs are Ida Roth and Fannie Gallop. The cases were referred to an auditor under the usual rule. The auditor found in favor of each plaintiff. Thereafter the cases were tried to a jury on the basis of the auditor's report and additional testimony. At the close of the evidence the judge directed verdicts for the defendant. To this action and to the denial of their motions for a new trial, the plaintiffs excepted.

The auditor filed two reports. In the case in which Max Roth was plaintiff he made the more complete findings. In the case in which Ida Roth and Fannie Gallop were plaintiffs he in effect incorporated by reference his findings in the Max Roth case on the issue of liability. We summarize these findings as follows: On September 1, 1958, the plaintiffs were guests of Mr. Leon Steinberg at a wedding reception and dinner given at Temple Mishkan Tefila, in Newton, on the occasion of the marriage of his daughter. "The defendant was hired to do the catering and he assumed the obligation for furnishing the dinner, serving the food and getting the premises in order for the serving of hors d'oeuvres." These duties included "the setting of the

tables and arranging of the seating for the dinner party and guests, as per instructions given by the host.'' At 6:30 P.M. the dinner and dance floor were set up. There was a large head table containing hors d'oeuvres, and there were other tables set for the guests for dinner on which the defendant had placed fruit cups.

At this point in his report the auditor, instead of finding the subsidiary facts on the principal issue in the case (negligence), proceeded to recite evidence, a practice which we have disapproved many times. *Spirito* v. *Capar*, 337 Mass. 431, 432, and cases cited. *Sullivan* v. *H. P. Hood & Sons, Inc.* 341 Mass. 216, 218. *Larson* v. *Brockton Agricultural Soc., ante,* 463. These recitals are set forth in the margin.[2] After stating this evidence, the auditor concluded that '' [U]pon all the evidence and the reasonable inferences therefrom'' the plaintiffs were in the exercise of due care and the defendant was negligent. He found for each of the plaintiffs.

---

[2] ''6. Mr. Steinberg testified that immediately after the reception in the Reception Room, he came to see the arrangements in the Dining Room; that he noticed some sticky substance near the chair which the plaintiff was to occupy; that he spoke to the head waiter and to the waitress assigned there about it and told them to take care of it. It also is in evidence, however, that Mr. Steinberg wrote a claim letter on behalf of the plaintiff and that he afterwards turned the case over to another attorney.

''7. The plaintiff testified that after the reception he proceeded with his relatives, all from Philadelphia, to the main dining room and eventually went to the table assigned to them which was the first table on the left facing the head table. The table or tables containing the hors d'oeuvres, had been removed by the defendant's employees and the room swept. As he was about to take his seat facing the head table with his mother and his cousin, plaintiff in the companion case, who had preceded him, he noticed his chair wet, with some sticky substance like fruit juice; that he cleaned his chair with his napkin and sat down. There was to the left and behind him a serving table for the use of the waitress. Sometime about 8:30 p.m. or later, the fruit cups were cleared. While he was talking with some of the guests at his table, he suddenly felt a burning sensation to his right ankle and then also to his left. He jumped up and screamed. He felt the bottom of his trousers wet and looked behind him and saw the waitress on the floor back of his mother with a pitcher in her hand, with its contents spilled all over.

''8. The waitress testified that as she was carrying a pitcher containing very hot soup and was about to approach a serving table, to the left of the guest table she was serving, . . . she slipped on a wet cigar and fell on her back and spilled the hot soup on the plaintiff. She denied Mr. Steinberg talked to her about the sticky substance on the floor near that table at 6:30 p.m.''

There was evidence in addition to the auditor's report introduced by the plaintiffs and the defendant. Much of it was cumulative of that recited by the auditor. No useful purpose would be served in setting it forth, for it was not sufficient to take the cases to the jury. We do not understand that the plaintiffs contend otherwise. But the plaintiffs do contend that the auditor's ultimate finding of negligence entitled them to go to the jury. "Each and every finding of fact, whether general or detailed, ultimate or subsidiary, reported by an auditor, becomes 'prima facie evidence.'. . . [P]rima facie evidence is 'evidence,' remains evidence throughout the trial, and is entitled to be weighed like any other evidence upon any question of fact to which it is relevant." *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 566. *Rosenblum* v. *Ginis,* 297 Mass. 493, 496. *Knapp* v. *Amero,* 298 Mass. 517, 523. When an ultimate finding is based, as here, on all the evidence and is not inconsistent with other findings (and we think that it was not), ordinarily it must stand for it may have been rested on evidence heard by the auditor which was not before the court. That is the usual situation with respect to such a finding, and generally it would be sufficient, as evidence, to warrant a verdict for the plaintiff. *Rosenblum* v. *Ginis,* 297 Mass. 493, 496. But here, although not ordered to do so, the auditor set forth the evidence concerning the happening of the accident. See footnote 2. This evidence is set forth in such detail that it is reasonable to assume that it was all the evidence relating to the issue of negligence. *Larson* v. *Brockton Agricultural Soc., ante,* 463. In these circumstances there is no basis for assuming that the ultimate finding was based on evidence which was not before the court. Compare *Rosenblum* v. *Ginis,* 297 Mass. 493, 496–497.

On the evidence included in the report the ultimate finding was not warranted. Certainly on the version of the accident given by the defendant's employee (paragraph 8 of the report), a finding of negligence would not be warranted. If it be assumed that the testimony of Mr. Steinberg or the

plaintiff Max Roth (paragraphs 6 and 7 of the report) tended to prove negligence on the part of the defendant, such negligence was not shown to have caused the defendant's employee to fall. The auditor's report, therefore, despite the general finding of negligence, was not sufficient to take the cases to the jury, and the judge rightly ordered verdicts for the defendant.

The plaintiffs' exceptions to the denial of their motions for a new trial require no discussion; there was no error.

*Exceptions overruled.*