Rescript Opinions.

NETTIE M. STONE, individually and as administratrix, *vs.* SHEPERD BUILDING CORP. November 30, 1966. This is an action of tort to recover damages for personal injuries suffered by the plaintiff Nettie M. Stone and her daughter Winifred now deceased. Mrs. Stone is the administratrix of her daughter's estate. The injuries are alleged to have been sustained on May 26, 1962, as a result of plaster falling from a ceiling in an apartment occupied by them which Mrs. Stone had rented from the defendant. The case is here on the plaintiff's exceptions to the direction of verdicts for the defendant. The plaintiff claims that the "facts as presented" show a failure to disclose a dangerous condition by the defendant, and "the facts as presented create a continuing nuisance in the sense of landlord and tenant relationship." Our examination of the record does not sustain either of these theories. We think it needless to state the facts in this case or extensively review the applicable law. *Stumpf* v. *Leland*, 242 Mass. 168. *Delano* v. *Mother's Super Mkt., Inc.* 340 Mass. 293, 296–297. *Carney* v. *Bereault*, 348 Mass. 502, 509. The plaintiff also asks that "the present rule of liability . . . be changed." We are not inclined to do so. See *Delano* v. *Mother's Super Mkt., Inc. supra*, 297.

*Exceptions overruled.*

*Arthur T. Winters* for the plaintiff.
*Robert C. Milton* for the defendant.

ANNA A. SILVA'S CASE. December 1, 1966. The single member found that the employee sustained an injury in the course of her employment but that it did not arise out of it. The reviewing board in adopting the findings and decision of the single member dismissed the claim for compensation. There was evidence to support the findings and thus we do not disturb them. *Hartman's Case*, 336 Mass. 508, 511, and cases cited.

*Decree affirmed.*

*Robert W. MacDonald*, for the employee, submitted a brief.
*Daniel A. Canning (Edwin S. Kundsin* with him) for the insurer.

SADIE A. BELLOR *vs.* EVELYN LANTZ. December 1, 1966. The defendant's exceptions are to the judge's charge in an action of tort for negligence arising from a collision of the defendant's motor vehicle with the rear of the plaintiff's vehicle which was stopped at a red light at an intersection on Route 5 in Deerfield. The exceptions concerning requests 5 and 9 have been waived. Requests 1, 2, 4, 10 and 11 were properly not given since they predicated the defendant's right to a verdict upon an inconclusive portion of the evidence bearing on the general issue of negligence. *Zawacki* v. *Finn*, 307 Mass. 86, 89. The judge correctly instructed the jury that they were entitled to consider the whole conduct of the defendant at and immediately preceding the accident. *Gregory* v. *Maine Cent. R.R.* 317 Mass. 636, 641. Request 3 was given in effect. The instructions on the legal consequences of a violation of G. L. c. 90, § 7 (see G. L. c. 90, § 20), were correct, *Baggs* v. *Hirschfield*, 293 Mass. 1, 3–4, *MacLean* v. *Neipris*, 304 Mass. 237, 239–240, and sufficiently covered requests 7 and 8 so far as they were applicable to the case. The charge was clear, correct and adequate on the controlling issues.

*Exceptions overruled.*

*Edwin C. Satter, III*, for the defendant.
*Sebastian J. Ruggeri* for the plaintiff.